IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| IN RE: SOUTHEASTERN MILK ) | |
| ANTITRUST LITIGATION ) | |
| ) | Master File No. 2:08-MD-1000 |
| ) | |
| THIS DOCUMENT RELATES TO: ) | Judge J. Ronnie Greer |
| *Scott Dairy Farm, Inc., et al. v. Dean Foods*, ) | Magistrate Judge Dennis H. |
| *et al., No. 2:07-CV 208* ) | Inman |
| ) | |

## MEMORANDUM OPINION AND ORDER

On October 31, 2008, the defendants filed a motion to compel, *inter alia*, the production of certain financial information by the dairy farmer plaintiffs. [Doc. 127]. On December 9, 2008, the Magistrate Judge denied the portion of the defendants' motion to compel relating to the production of the requested financial records. [Doc. 199]. Currently pending before the Court is "Defendants' Objection To Magistrate Judge's Order Denying Discovery Of Certain Financial Information." [Doc. 237]. The issue has been fully and exhaustively briefed by the parties and the Court heard oral argument on July 1, 2009. For the reasons which follow, defendants' objection is SUSTAINED, the order of the Magistrate Judge is SET ASIDE and the motion to compel is GRANTED.

The order of a magistrate judge on a pretrial matter that is not dispositive of a

party's claim or defense may, upon timely objection by a party, be modified or set aside by the district judge if the order is "clearly erroneous" or "contrary to law". Fed. R. Civ. P. 72(a). The factual findings made by a magistrate judge are reviewed under the "clearly erroneous" standard, while legal conclusions are reviewed under the "contrary to law" standard. *Professionals Direct Ins. Co. v. Wiles, Boyle, Burkholder & Bringardner, Co.*, 2008 WL 4758679 at *2 (S.D. Ohio, Oct. 27, 2008).

Defendants' document requests seek annual financial statements, documents related to gross and net profit and loss, budgets and financial projections from the named dairy farmer plaintiffs. Plaintiffs have responded that the requested documents concerning their financial condition are irrelevant since they do not seek to recover for lost profits in this action.[1] The Magistrate Judge agreed with plaintiffs and held that "[w]hat any plaintiff generated in income, and the financial condition of any plaintiff, is irrelevant; . . ." [See Doc. 199, p. 3].

The scope of discovery in civil cases is defined by Rule 26 of the Federal Rules of Civil Procedure. Rule 26(b)(1) permits the parties to obtain discovery "regarding

---

[1] The plaintiffs have objected to the production of the requested documents only on relevancy grounds. Plaintiffs have not suggested to the Court that requiring them to produce the documents is overly burdensome or that the Court should consider requiring the defendants to bear the costs of production. The Court will assume, therefore, that the document production request can easily be complied with.

2

any non-privileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). Importantly, the test for discovery is not whether the information sought is admissible at trial but rather whether "discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad. *Mellon v. Cooper-Jarrett, Inc.*, 424 F.2d 499, 501 (6th Cir. 1970). The scope of discovery is within the broad discretion of the district court. *Ghandi v. Police Dep't of Detroit*, 747 F.2d 338, 354 (6th Cir. 1984), *appeal after remand*, 823 F.2d 959 (6th Cir. 1987), *cert. denied*, 484 U.S. 1042 (1988).

The defendants first argue that the financial information sought is relevant with respect to plaintiffs' allegations of unlawful monopolization, monopsonization and foreclosure, as well as class certification. The defendants rely primarily on two Sixth Circuit cases in support of their position, *Langenderfer v. S.E. Johnson Co.*, 917 F.2d 1413 (6th Cir. 1990) and *B & H Med., LLC v. ABP Admin., Inc.*, 526 F.3d 257, 263 (6th Cir. 2008). The plaintiffs respond by citing a number of cases for the proposition that financial information is generally not relevant when the plaintiffs are not seeking to recover for loss of profits.

Defendants misread these Sixth Circuit cases. A close reading of those cases

reveals that both deal with the issue of lost profits in antitrust litigation and neither stands for the proposition that financial information of plaintiffs is generally relevant on claims of monopolization, monopsonization or foreclosure. The undersigned agrees completely with the plaintiffs and the Magistrate Judge that the financial condition of the plaintiffs is generally irrelevant in a case where, as here, plaintiffs do not seek to recover lost profits. *See In Re Wirebound Boxes Antitrust Litigation*, 313 F.R.D. 578 (D. Minn. 1990), *In Re Folding Carton Antitrust Litigation*, 1978 WL 218424 (N.D. Ill. 1978).

More troubling to the Court, however, is defendants' argument that plaintiffs have made their financial condition relevant by the nature of their allegations in the case, *i.e.*, that they are being, and that indeed some have been, forced out of business because of the anti-competitive acts of the defendants. At oral argument, this Court questioned whether evidence that individual dairy farmers had gone out of business was even relevant in this case and, at first blush, agrees with the characterization by the Magistrate Judge that plaintiffs' claim that they are being forced out of business is simply an inartfully phrased way of saying that they have no economically viable alternative. Significantly, however, the plaintiffs themselves have refused to completely embrace this characterization and have continued to insist that some dairy

4

farmers have been forced out of business, or are about to be forced out of business, by the acts of the defendants.

While the Court continues to question the relevance of such evidence at trial, that is not the question before the Court. As a result, the Court is forced to address this matter based upon the plaintiffs' stated intention of offering such evidence at trial and will assume, for the purpose of resolving the objection before the Court, that such evidence is admissible. If such evidence is admissible and plaintiffs are to be allowed to offer it at trial and to argue to the jury that defendants' acts have in fact forced dairy farmers out of business, then defendants should be able to rebut such evidence by offering proof that other circumstances led to the business failure of those dairy farmers. In short, the evidence sought by the defendants would be admissible to rebut the underlying factual basis of plaintiffs' claims.

For the foregoing reason, the defendants' objection to the Magistrate Judge's order is SUSTAINED and defendants' motion to compel the production by plaintiffs of the documents sought in document request Nos. 8 and 9 of defendants' joint first set of document requests is GRANTED. Plaintiffs will have thirty (30) days from the date of the entry of this order to comply with defendants' document requests.

At oral argument on July 1, 2009, the plaintiffs seemed to agree that they did

not intend to offer evidence that any dairy farmer has gone out of business because of the anti-competitive acts of defendants. If that is their position, it should be memorialized in writing in an appropriate pleading and filed with the Clerk. If such pleading is filed, then plaintiffs will not be required to produce the requested documents.

So ordered.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE