IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| IN RE: SOUTHEASTERN MILK ) | |
| ANTITRUST LITIGATION ) | |
| ) | Master File No. 2:08-MD-1000 |
| ) | |
| THIS DOCUMENT RELATES TO: ) | Judge J. Ronnie Greer |
| *Sweetwater Valley Farm, Inc., et al.* ) | |
| *v. Dean Foods Company, et al.*, No. 2:07-CV-208 ) | |

**ORDER**

This multi-district antitrust case is before the Court to consider the appeal of the dairy farmer plaintiffs, [Doc. 1209], and the appeal of Dean Foods Company, National Dairy Holdings, Dairy Farmers of America, Dairy Marketing Services, Mid-Am Capital, and Gary Hanman ("defendants"), [Doc. 1212], of the Magistrate Judge's order dated December 8, 2010, [Doc. 1188], which denied the dairy farmer plaintiffs' motion to exclude the opinions and testimony of defendants' experts Kenneth Elzinga and Joseph Kalt, [Doc. 869], and which denied the defendants' motion to exclude the testimony of plaintiffs' expert Dr. Gordon Rausser. [Doc.878].

Both appeals were filed on December 22, 2010, and were timely filed within 14 days of the Magistrate Judge's order. Rule 72(a) of the Fed. R.Civ. P. 72(a). The defendants' appeal specifically referenced only the following documents in the caption:

1. Doc. 1188 which was the Magistrate Judge's order;

2. Doc. 878 which was the defendants' motion;

3. Doc. 879 which was the defendants' memorandum in support;

4. Doc. 956 which was the response to the motion; and

5. Doc. 1035 which was the reply to the response.

On April 29, 2011, the defendants filed a "Notice of Clarification" which purported to amend the caption of their appeal to add the following:

1. Doc. 1190 which was an additional Magistrate Judge's order;

2. Doc. 876 which was an additional defendants' motion;

3. Doc. 877 which was an additional defendants' memorandum in support;

4. Doc. 956 which was an additional response; and

5. Doc. 1029 which was an additional reply.

This defendants' did not move to amend the caption of the appeal [Doc. 1212] and such an amendment would not have been allowed because it was untimely. In their notice, the defendants requested that the court substitute the original caption page with a new caption page which was attached to their notice. [1] [Doc. 1536].

Although the defendants mentioned Doc. 1190 in a footnote of their appeal filed on December 22, 2010, no reference was made to Doc. 1190 in the

---

[1] Obviously, a "notice" is not the proper manner to seek action by the court.

2

caption or in the body of the introduction to their appeal. As such, a footnote was totally inadequate to preserve an appeal on Doc. 1190 and the appeal was never linked to Doc. 1190 even after the defendants filed their notice.[2]

To further compound the confusion created by the defendants, counsel for the defendant Gary Hanman announced at the hearing held in regard to the defendants' motions in limine that his motion in limine, which was scheduled for oral argument, was duplicative of his appeal of Doc. 1188 and he withdrew his motion in limine. Accordingly, his motion in limine is **DENIED** as **MOOT**, [Doc. 1287].

After careful consideration of the Magistrate Judge's order, the Court finds that the Magistrate Judge's order is not clearly erroneous, an abuse of discretion, or contrary to law. Accordingly, it is hereby **ORDERED** that the plaintiffs' appeal and the defendants' appeal are **OVERRULED,** [Docs. 1209 and 1212], and the Magistrate's order is **ADOPTED** and **AFFIRMED.** [Doc. 1188].

No appeal of the Magistrate Judge's order, [Doc. 1990], denying Gary Hanman's motion to exclude the expert testimony of Dr. Gordon Rausser, [Doc. 876], having been perfected, the Court will not rule on the defendants' attempted appeal. However, it should be noted that the Magistrate Judge did correctly summarize Dr.

---

[2] Of course, it would have been improper for Doc. 1190 to be linked to Doc. 1212 at this point because, on its face, Doc. 1212 was not an appeal of Doc. 1190.

3

Case 2:08-md-01000-JRG   Document 1595   Filed 07/11/11   Page 3 of 4   PageID #: 37409

Rausser's findings in regard to the effect of the retirement of Hanman as CEO for Dairy Farmers of America. [Doc. 1990]. The Court does not find that a statement by plaintiffs' counsel made at a motion hearing suffices to amend Dr. Rausser's report or make the Magistrate Judge's findings factually erroneous.

So ordered.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE

4