# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
### GREENEVILLE DIVISION

|  |  |  |
|---|---|---|
| IN RE SOUTHEASTERN MILK ANTITRUST LITIGATION | ) ) ) | Master File No. 2:08-MD-1000 |
| THIS DOCUMENT RELATES TO: *Sweetwater Valley Farm, Inc., et al. v. Dean Foods Company, et al.,* No. 2:07-CV-208. | ) ) ) ) ) | Judge J. Ronnie Greer |

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made and entered into as of this _12_ th day of July, 2011 by and between Defendant Dean Foods Company (the "Settling Defendant" as defined below) and Plaintiffs Sweetwater Valley Farm, Inc., Barbara Arwood and Victor Arwood d/b/a VBA Dairy, Jeffrey P. Bender, Randel E. Davis, Farrar & Farrar Dairy, Inc., Fred Jaques, John M. Moore, D.L. Robey Farms, Robert D. Stoots, Virgil C. Willie, Thomas R. Watson, James D. Baisley and Eva C. Baisley d/b/a Baisley Farms, Stephen J. Cornett, William C. Frazier and Branson C. McCain d/b/a McCain Dairy, and Jerry L. Holmes, on behalf of themselves and all members of the Class (defined below).

WHEREAS, Plaintiffs are prosecuting the above-captioned action on their own behalf and on behalf of the Class against the Settling Defendant;

WHEREAS, Plaintiffs have alleged in their complaints and amended complaints (collectively, and with any other pleading filed in this matter or any consolidated matter, the "Complaint") that the Settling Defendant during the Class Period (defined below) engaged in certain conduct in violation of the Sherman Act, 15 U.S.C. §§ 1 and 2, which caused the

Plaintiffs and members of the Class to incur damages as a result of such conduct, for which Plaintiffs and the Class seek an award of money damages and injunctive relief;

WHEREAS, the Settling Defendant denies each and every one of Plaintiffs' allegations of unlawful conduct, has not conceded or admitted any liability, and has asserted a number of defenses to Plaintiffs' claims;

WHEREAS, Plaintiffs have conducted an investigation into the facts and the law regarding the Complaint and have concluded, after carefully considering the facts and circumstances of the Complaint, the risks associated with continued litigation, and the applicable law, that a settlement with the Settling Defendant according to the terms and conditions set forth below (the "Settlement") is in the best interest of Plaintiffs and the Class;

WHEREAS, the Settling Defendant, despite its belief that it is not liable for the claims asserted and that it has meritorious defenses to the claims alleged, has nevertheless concluded that it will enter into this Agreement solely to avoid the further expense, inconvenience and burden of protracted litigation, and the distraction and diversion of its personnel and resources, and thereby to put to rest this controversy, and to avoid the risks inherent in uncertain, complex litigation;

WHEREAS, Plaintiffs and the Settling Defendant agree that this Agreement shall not be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by Settling Defendant or of the truth of any of the claims or allegations in the Complaint;

WHEREAS, arms-length settlement negotiations have taken place between counsel for the Plaintiffs, on behalf of Plaintiffs and the Class, and the Settling Defendant;

WHEREAS, Settling Defendant and the Plaintiffs have each had the full opportunity to examine the facts and circumstances surrounding their respective decisions to accept the terms of this Agreement and have not relied upon any representations (or the lack thereof) not set forth in this Agreement itself concerning the circumstances leading to this Agreement; and

WHEREAS, this Agreement, which is subject to the preliminary and final approval of the Court, sets forth all of the terms and conditions of the agreement between the Settling Defendant and the Plaintiffs, on behalf of themselves and the Class;

NOW, THEREFORE, in consideration of the covenants, agreements and releases set forth herein and for other good and valuable consideration, it is agreed by and among the undersigned, on behalf of the Settling Defendant and on behalf of the Plaintiffs and the Class, that the Action (defined below) and all claims of the Plaintiffs and the Class against the Settling Defendant be settled, compromised and dismissed on the merits and with prejudice, without costs as to Plaintiffs, the Class, or the Settling Defendant, subject to the approval of the Court, on the following terms and conditions.

1. **Definitions**

    1.1.    "Action" means the class action captioned *Sweetwater Valley Farm, Inc., et al. v. Dean Foods Company, et al.*, No. 2:07-CV-208 (E.D. Tenn.).

    1.2.    "Backstop LC" shall have the meaning set forth in paragraph 7.1 hereto.

    1.3.    "Claims Administrator" means the entity selected by Class Counsel to administer the Settlement and, in particular, the claims process in this matter.

1.4.    "Class" means the class certified by the Court in its Memorandum Opinion and Order dated September 7, 2010 (Doc. 934).

1.5.    "Class Counsel" means the law firm of Baker Hostetler LLP, 1050 Connecticut Avenue, NW, Suite 1100, Washington, D.C. 20036.

1.6.    "Class Member" means a Person who falls within the Class definition and has not exercised his right to be excluded from the Class as of June 17, 2011 (the "Exclusion Date"). "Class Member" also means a Person who falls within the Class definition and exercised his right to be excluded from the Class as of the Exclusion Date but is permitted by order of the Court to opt back into the Class.

1.7.    "Class Period" means the period from January 1, 2001 through the present.

1.8.    "Court" means the United States District Court for the Eastern District of Tennessee.

1.9.    "Deferred Payment" and "Deferred Payments" shall have the meaning set forth in paragraph 7.1 hereto.

1.10.    "Distribution Plan" shall have the meaning set forth in paragraph 8.4 hereto.

1.11.    "Effective Date" means the earliest date on which all of the events and conditions specified in paragraph 5.1 herein have occurred or have been met.

1.12.    "Fairness Hearing" shall have the meaning set forth in paragraph 2.1 hereto.

1.13. "Initial Payment" shall have the meaning set forth in paragraph 7.1 hereto.

1.14. "Issuing Bank" shall have the meaning set forth in paragraph 7.1 hereto.

1.15. "Judgment" means a final order of judgment, dismissal, and approval of the Settlement.

1.16. "Parties" means Plaintiffs, the Class, and the Settling Defendant.

1.17. "Person" means an individual or an entity.

1.18. "Plaintiffs" means the named plaintiffs Sweetwater Valley Farm, Inc., Barbara Arwood and Victor Arwood d/b/a VBA Dairy, Jeffrey P. Bender, Randel E. Davis, Farrar & Farrar Dairy, Inc., Fred Jaques, John M. Moore, D.L. Robey Farms, Robert D. Stoots, Virgil C. Willie, Thomas R. Watson, James D. Baisley and Eva C. Baisley d/b/a Baisley Farms, Stephen J. Cornett, William C. Frazier and Branson C. McCain d/b/a McCain Dairy, and Jerry L. Holmes, and any other plaintiffs designated by the Court as class representatives, individually and on behalf of the Class.

1.19. "Preliminary Approval Order" means an order to be entered by the Court preliminarily approving the Settlement.

1.20. "Released Claims" means all claims that were asserted or that could have been asserted in the Complaint as to the Settling Defendant but not as to any other Defendant in the Action or any third party or alleged co-conspirator named in the Action. Released Claims includes any and all claims regardless of their nature from January 1, 1994 through and including the Effective Date arising

out of, associated with, or related to the facts or circumstances alleged in the Complaint, including but not limited to Settling Defendant's purchase of, or failure or refusal to purchase, raw Grade A milk that was produced in and pooled on Federal Milk Marketing Order 5 ("Order 5") and/or Federal Milk Marketing Order 7 ("Order 7"), and any other person's purchase of, or failure or refusal to purchase, raw Grade A milk that was produced in and pooled on Orders 5 and/or 7. Released Claims includes all claims that were asserted or that could have been asserted arising out of or relating in any way to any conduct alleged in the Complaint, regardless of whether those claims arise from common law theories of tort or contract, or theories under federal, state, or other statute, law, rule, or regulation.

1.21. "Released Party" means the Settling Defendant, its predecessors, successors, parents, subsidiaries and affiliates (regardless of their location, and including but not limited to all dairies that operated in Orders 5 and 7 during the Class Period), and past and present officers, directors, employees, managing agents, and controlling persons.

1.22. "Releasing Parties" means, individually and collectively, Plaintiffs and all Class Members on behalf of themselves and any Person claiming by or through them as an heir, administrator, devisee, predecessor, successor, parent, subsidiary, representative of any kind, shareholder, partner, director, owner of any kind, affiliate, assignee, agent, employee, contractor, attorney, or insurer.

1.23. "Settlement Amount" shall have the meaning set forth in paragraph 7.1 hereto.

- 6 -

1.24.   "Settlement Fund" shall have the meaning set forth in paragraph 7.1 hereto.

1.25.   "Settling Defendant" means Dean Foods Company, its predecessors, successors, parents, subsidiaries or affiliates, and past and present officers, directors, employees, managing agents, and controlling persons.

## 2.   Motion for Preliminary Approval

2.1.   Within one week after complete execution of this Agreement, Plaintiffs shall file with the Court a motion, which shall not be opposed by the Settling Defendant, requesting entry of a Preliminary Approval Order, providing for, *inter alia*:

(a)   preliminary approval of this Agreement as fair, reasonable and adequate and in the best interests of the Class, considering all relevant risks and factors of litigation;

(b)   approval of the form and manner of notice described in section 3 hereto;

(c)   approval of an escrow agreement regarding the Settlement Fund described in paragraph 7.1 hereto;

(d)   appointment of a Claims Administrator;

(e)   a determination that no additional opt-out period is warranted or required by Rule 23(e)(4) of the Federal Rules of Civil Procedure;

(f)   the scheduling of a hearing (the "Fairness Hearing") to consider (i) whether this Agreement should be approved as fair, reasonable, and adequate to, and in the best interests of, the Class, and whether

Judgment should be entered dismissing the Released Claims on the merits and with prejudice; (ii) whether to approve any application by Class Counsel for an award of attorneys' fees and payment of costs and expenses; and (iii) whether to approve any application for payment of incentive awards to Plaintiffs;

(g) the date by which any Class Member may serve written objections to this Agreement or to any application by Class Counsel for attorneys' fees and expenses, which date shall, subject to the Court's approval, be fourteen (14) days prior to the Fairness Hearing;

(h) severance of the claims against the Settling Defendant from those against the other Defendants and a stay of all further pretrial and trial proceedings against the Settling Defendant; and

(i) an injunction against the initiation, commencement, or prosecution of any Released Claim by any of the Releasing Parties.

2.2. Upon the filing of the motion requesting entry of a Preliminary Approval Order, the Settling Defendant will not participate in further briefing or argument of the pending motions to decertify the Class.

3.    **Notice to Class Members**

3.1. Plaintiffs shall develop, after consultation with the Settling Defendant and the Claims Administrator, a proposed plan by which to notify the Class of the Settlement. The proposed notice program shall include a proposed form of notice, which shall be agreed upon by the Parties, and which shall be

subject to Court approval. Plaintiffs shall submit their proposed notice program to the Court for approval at the same time Plaintiffs file their motion requesting entry of a Preliminary Approval Order as described above in paragraph 2.1.

3.2.    In accordance with the requirements of Rule 23 of the Federal Rules of Civil Procedure and Due Process, the notice program shall identify and individually notify, to the extent practicable, each member of the Class reasonably ascertainable from records produced by the Settling Defendant or otherwise reasonably available.

3.3.    In order to provide notice of the Settlement to those individuals who may not be capable of being identified for purposes of providing individual notice, publication notice to the extent recommended by the Claims Administrator and ordered by the Court shall also be provided.

## 4.    Fairness Hearing

4.1.    At the Fairness Hearing, Plaintiffs and the Settling Defendant shall jointly seek entry of a Judgment, *inter alia*:

(a)    finally approving this Agreement and its terms as being fair, reasonable, and adequate, and in the best interest of the Class, within the meaning of Rule 23 of the Federal Rules of Civil Procedure, and directing its consummation according to its terms;

(b)    determining that the notices to the Class constituted, under the circumstances, the most effective and practicable notice of this Agreement and the Fairness Hearing, and constituted due and

- 9 -

sufficient notice for all other purposes to all Persons entitled to receive notice;

(c)    ordering dismissal of the Actions with prejudice and without payment of fees or costs by the Settling Defendant;

(d)    permanently barring and enjoining the institution, commencement, or prosecution, by any of the Releasing Parties, of any action asserting any Released Claim against the Released Parties, in any local, state, federal, or other court or tribunal of any nation, or in any agency or other authority or arbitral or other forum wherever located;

(e)    providing that any Class Member who fails to object in the manner prescribed in this Agreement shall be deemed to have waived any objections to the Settlement or this Agreement and will forever be barred from making any such objections to this Agreement;

(f)    retaining exclusive jurisdiction over this Agreement, including the administration and consummation of this Agreement; and

(g)    determining under Rule 54(b) of the Federal Rules of Civil Procedure that there is no just reason for delay and directing that the judgment of dismissal shall be final and entered forthwith.

4.2.    Any Class Member who objects to the Settlement may appear at the Fairness Hearing in person or through counsel, at its own expense, to present any evidence or argument with respect to the Settlement, to the extent permitted by the Court.  However, no such Class Member shall be heard, and no papers,

Case 2:08-md-01000-JRG   Document 1603-1   Filed 07/12/11   Page 10 of 28   PageID #: 37543

briefs, pleadings, or other documents shall be received and considered by the Court, unless such Class Member properly submits a written objection that includes (a) notice of intention to appear, (b) proof of membership in the Class, and (c) the specific grounds for the objection. The parties will request that the Court order that any written objection must be filed with the Court no later than fourteen (14) days prior to the date set for the Fairness Hearing, and mailed to Class Counsel and counsel for the Settling Defendant, postmarked no later than fourteen (14) days prior to the date of the Fairness Hearing. Any Class Member who fails to object in the manner prescribed herein shall be deemed to have waived any objections to the Settlement and this Agreement and will forever be barred from making any such objections to the Settlement or this Agreement.

4.3.    Any Person who timely requested exclusion from the Class may apply to the Court to be reinstated to the Class provided such application sets forth the reasons for seeking reinstatement and is filed through the Court's ECF system at least fourteen (14) days prior to the date of the Fairness Hearing.

4.4.    If this Agreement is finally approved by the Court in its current form, or in a form not materially different therefrom, the Parties agree not to take any appeal from entry of judgment. Final Approval of this Agreement shall not be contingent upon the Court's making any particular award of attorneys' fees, costs or expenses or any incentive award to Plaintiffs, and any order of the Court making or relating to such award shall not affect the approval or finality of this Agreement or the validity, effectiveness or enforceability of the releases set forth herein.

- 11 -

**5. Effective Date of Agreement**

        5.1.    This Agreement shall become final and effective on the earliest date on which all of the following events and conditions have occurred or have been met:

        (a)    no party has timely availed itself of any right to terminate this Agreement pursuant to paragraph 11.1 herein;

        (b)    the Court has entered the Judgment, following notice to the Class and the Fairness Hearing, approving this Agreement under Rule 23(e) of the Federal Rules of Civil Procedure and dismissing the Actions with prejudice as to all Class Members, and without costs; and

        (c)    the time for appeal or to seek permission to appeal from the Judgment has expired or, if appealed, approval of this Agreement and the Judgment has been affirmed in its entirety by the court of last resort to which such appeal has been taken and such affirmance has become no longer subject to further appeal or review.  It is agreed that neither the provisions of Rule 60 of the Federal Rules of Civil Procedure nor the All Writs Act, 28 U.S.C. § 1651, shall be taken into account in determining the above-stated times.

**6. Release and Covenant Not to Sue**

        6.1.    Upon the Effective Date, and in consideration of the Settlement Consideration specified in section 7 herein and for other good and valuable

- 12 -

consideration, the sufficiency and receipt of which is hereby acknowledged, each

of the Releasing Parties shall be deemed to have, and by operation of the

Judgment shall have, fully, finally, and forever released, relinquished, and

discharged all Released Claims against the Released Parties, shall have

covenanted not to sue any of the Released Parties with respect to all Released

Claims, and shall be permanently barred and enjoined from instituting,

commencing, prosecuting or asserting any Released Claim against any of the

Released Parties.

      6.2.    Upon the Effective Date, each Plaintiff shall have expressly

waived, and each of the Releasing Parties shall be deemed to have waived, and by

operation of the Judgment shall have waived, any and all provisions, rights, and

benefits conferred by any law of any state or territory of the United States or any

principle of common law or foreign law, that is similar, comparable, or equivalent

in effect to California Civil Code § 1542 and § 20-7-11 of the South Dakota

Codified Laws or that would otherwise act to limit the effectiveness or scope of

the releases.  Plaintiffs and the Releasing Parties expressly acknowledge that they

may hereafter discover facts in addition to or different from those that any of them

or their counsel now knows or believes to be true with respect to the subject

matter of the Released Claims or otherwise, but upon the Effective Date each

Plaintiff shall expressly have, and, upon the Effective Date, each Releasing Party

shall be deemed to have, and by operation of the Judgment shall have, fully,

finally, and forever settled and released any and all Released Claims, known or

unknown, suspected or unsuspected, contingent or non-contingent, whether or not

concealed or hidden, that now exist or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, reckless, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, that could have been asserted with respect to the subject matter of the Released Claims. Plaintiffs acknowledge, and the Releasing Parties shall be deemed to have acknowledged, and by operation of the Judgment shall have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

7.    **Settlement Consideration**

7.1.    Settling Defendant will pay an aggregate sum of one hundred forty million United States dollars ($140,000,000) (the "Settlement Amount") as follows: (i) within five business days after the entry of the Preliminary Approval Order, the Settling Defendant will deposit a sum of sixty million United States dollars ($60,000,000) (the "Initial Payment") into an escrow account (the "Settlement Fund"); and (ii) within five business days of each of the first, second, third, and fourth anniversaries of entry of the Judgment dismissing the Action as to the Settling Defendant with prejudice and without costs, the Settling Defendant will deposit a sum of twenty million United States dollars ($20,000,000) (each, a "Deferred Payment" and collectively, the "Deferred Payments") into the Settlement Fund; provided however that each Deferred Payment will be reduced, in equal amounts, to account for any reduction in the Settlement Amount under

paragraph 9.1. JPMorgan Chase Bank, National Association shall serve as the escrow agent (unless the parties agree upon another escrow agent), and the escrow account shall be established and administered in accordance with section 8 hereof. The Deferred Payments shall be supported by a declining balance letter of credit in the manner described below:

(a)     At the time of deposit of the Initial Payment into the Settlement Fund, Settling Defendant shall provide to Class Counsel an irrevocable, 364-day standby letter of credit naming Class Counsel, on behalf of Plaintiffs and the Class, as beneficiary (the "Backstop LC").

(b)     The Backstop LC shall (1) have an initial term of 364 days and provide that such Backstop LC shall be automatically extended for subsequent 364-day periods absent notice from Settling Defendant not less than 30 days nor more than 60 days prior to expiry that such Backstop LC shall be cancelled, (2) be issued by a bank located in the United States that is a Qualified Issuer, designated by Settling Defendant (the "Issuing Bank"), and (3) be in form and substance consistent with this Agreement. "Qualified Issuer" shall mean a bank that is a member of the Federal Reserve System having a corporate family rating by Moody's Investors Service, Inc. or Standard & Poor's Ratings Group, or a successor to either, of at least A3/A-, respectively.

(c)     The initial face amount of the Backstop LC shall be eighty million United States dollars ($80,000,000); provided however that such face amount may be reduced to account for any reduction in the Settlement Amount under paragraph 9.1. Upon delivery by the Settling Defendant to the Issuing Bank of a notice certifying that Settling Defendant has deposited a Deferred Payment into the Settlement Fund, accompanied by confirmation of receipt by the escrow agent of such payment into the Settlement Fund, the face amount of the Backstop LC shall automatically be permanently reduced dollar-for-dollar by the amount of such Deferred Payment.

(d)     The Parties agree that Settling Defendant shall have the right, at any time and from time to time, to post a substantially similar replacement Backstop LC issued by a Qualified Issuer. If at any time the Issuing Bank no longer qualifies as a Qualified Issuer, the Settling Defendant shall post a substantially similar replacement LC issued by a Qualified Issuer within 10 business days of notice from Class Counsel.

(e)     Class Counsel shall be entitled to draw on the Backstop LC on behalf of the Class only in the following circumstances: (1) upon any failure of Settling Defendant to timely make a Deferred Payment into the Settlement Fund, which failure continues for 10 business days following written notice from Class Counsel to Settling Defendant and the Court, provided however that such

- 16 -

draw shall only be in an amount equal to the amount of such missed Deferred Payment (and, provided further, that the Backstop LC shall remain in place as security for the remaining Deferred Payments) or (2) three business days prior to the expiry or cancellation of the Backstop LC if Settling Defendant shall have failed to provide to Class Counsel a renewed or replacement Backstop LC from a Qualified Issuer. As a condition to being honored, any draw request presented to the Issuing Bank by Class Counsel in respect of the Backstop LC must contain a certification from Class Counsel stating that a condition in either Paragraph 7.1(e)(1) or (2), above, has occurred.

(f)     Upon payment of the final Deferred Payment into the Settlement Fund by Settling Defendant, and delivery by Settling Defendant to the Issuing Bank of confirmation of receipt thereof by the escrow agent, the Backstop LC shall, irrespective of its remaining term or face amount, automatically and without further action expire and be null and void thereafter. At any time and from time to time, Settling Defendant shall have the option to pre-fund the Settlement Fund and/or prepay the Deferred Payments in whole or in part and, in that event, upon delivery by Settling Defendant to the Issuing Bank of confirmation of receipt thereof by the escrow agent, the face amount of the Backstop LC shall automatically and without further action be reduced by the amount of such prepayment or, in

- 17 -

the case of a prepayment in full, automatically and without further action expire and be null and void thereafter.

7.2.    The monetary relief described in paragraph 7.1 shall be the sole relief afforded to Plaintiffs and the Class and the settlement shall not include any conduct-related or injunctive relief. The parties acknowledge, however, that beginning in January 2010 Settling Defendant replaced the milk supplier at certain of its plants, including certain plants in the Southeastern United States, and expanded its Dean Direct program. Settling Defendant expects to continue its Dean Direct program, and invites farmers who wish to participate in that program to contact Settling Defendant.

7.3.    The parties acknowledge that a material inducement to Settling Defendant to settle was avoidance of the time, expense and disruption associated with trial. Nothing in this Agreement obligates Settling Defendant to make any of Settling Defendant's witnesses available to testify at trial or deposition, and Plaintiffs shall not seek to compel Settling Defendant to do so. Settling Defendant further agrees that it will not voluntarily produce any witness to testify at trial. Nothing in this Agreement precludes any party from using the deposition testimony previously taken of any of Settling Defendant's witnesses in this case. Settling Defendant shall provide a written declaration of its custodian pursuant to Rule 902(11) of the Federal Rules of Evidence sufficient to satisfy the requirements for authenticity and business records.

## 8. The Settlement Fund

8.1. The parties to this Agreement, their counsel, and the Court shall treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1 for all periods after the date of initial funding of the Settlement Fund. The parties, their counsel, and the Court agree to take no action inconsistent with the treatment of the Settlement Fund in such manner, and all provisions of this Agreement shall be interpreted in a manner that is consistent with such treatment. As required, the parties shall timely make such elections as are necessary or advisable to carry out the provisions of this paragraph, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1(j)) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations.

8.2. For the purpose of § 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrators" of the Settlement Fund shall be the Claims Administrator designated by Class Counsel and approved by the Court. The Class Counsel's designee shall timely and properly file or cause to be filed on a timely basis all tax returns necessary or advisable with respect to the Settlement Fund (including without limitation all income tax returns, all informational returns, and all returns described in Treas. Reg. §1.468B-2(1)).

8.3. The Settlement Fund shall be invested, at the sole discretion of Class Counsel, and in accordance with the escrow agreement described in paragraph 7.1 hereof, in a United States treasury money market fund subject to

the regulations of the United States Securities and Exchange Commission or United States Government Treasury Bills or Notes of no more than six (6) months' duration, provided however that when disbursement of some or all of the Settlement Fund is approved by the Court, the necessary funds may be transferred into and paid out of a federally insured bank account. All interest earned on the Settlement Fund shall become and remain part of the Settlement Fund.

8.4.    After the Effective Date, the Settlement Fund shall be distributed in accordance with a plan that Class Counsel shall submit at the appropriate time for approval by the Court ("Distribution Plan"). In no event shall the Settling Defendant bear any risk or have any responsibility, financial obligation, or liability whatsoever with respect to the investment, distribution, or administration of the Settlement Fund, including, but not limited to, the costs and expenses of such distribution and administration or any losses associated therewith.

8.5.    Plaintiffs and Class Counsel shall be reimbursed, indemnified, and paid solely out of the Settlement Fund for all expenses including, but not limited to, attorneys' fees, costs and expenses. The Settling Defendant shall not be liable for any costs, fees, or expenses of any of Plaintiffs' respective attorneys, experts, advisors, agents, or representatives, and all such costs, fees, and expenses as approved by the Court shall be paid out of the Settlement Fund. In no event shall Settling Defendant be obligated to pay anything in addition to the Initial Payment and Deferred Payments described in paragraph 7.1 hereto, including without limitation class notice costs, attorneys' fees, payments to named Plaintiffs for their efforts on behalf of the Class, settlement administration costs, escrow costs,

- 20 -

taxes, or any other cost or expense arising from or to be paid as part of this Agreement. Except as provided in paragraph 8.6 hereto, no payment shall be made out of the Settlement Fund prior to the Effective Date, and then, only as approved by the Court.

8.6.    Prior to the Effective Date, (i) up to $50,000 of the Settlement Fund may be used to give notice of the Settlement to Class members and for settlement administration costs, (ii) up to $10,000 of the Settlement Fund may be used for escrow agent costs, and (iii) any amount of the Settlement Fund may be used to pay required taxes on income earned on the Settlement Fund. Except as otherwise provided in this paragraph, any disbursement from the Settlement Fund, including disbursements for attorneys' fees, costs and expenses, and incentive fees to named Plaintiffs, shall be made only upon approval and order of the Court, and only after the Effective Date.

## 9.    Opt Outs

9.1.    The Settlement Amount shall be reduced pro rata for those Class Members who timely and validly requested exclusion from the Class as of the Exclusion Date or such other deadline as the Court may set for opting out. The reduction with respect to each timely and valid Class Member opt-out will be based on the percentage of that opt-out's Class sales relative to total Class sales; provided however that such reduction shall not apply if the opt-out is permitted to opt back in by Order of the Court. Settling Defendant shall calculate the pro rata reduction of the Settlement Amount as described herein based on data produced in discovery in this Action. For purposes of this calculation, "Class" shall have the

- 21 -

meaning set forth in paragraph 1.4 hereto.  Settling Defendant shall present its

calculation to Class Counsel, who shall have ten business days to raise any

objections to the proposed reduction of the Settlement Amount.  Settling

Defendant and Class Counsel  shall seek to resolve any differences and to reach

agreement concerning the amount of the opt out reduction.   If Settling Defendant

and Class Counsel are unable to agree on the amount of the opt out reduction,

then Class Counsel may apply to the Court pursuant to paragraph 13.2 hereto for a

determination by the Court of the amount of the opt out reduction.  Any such

application must be made within thirty business days of the presentation by

Settling Defendant of its calculation to Class Counsel.  Settling Defendant's

calculation shall become final and binding if no application to the Court has been

made within thirty business days of the presentation by Settling Defendant to

Class Counsel.  Any application to the Court concerning the opt out reduction

shall be strictly limited to a single brief on behalf of Class Counsel of no more

than 20 pages including exhibits and a single response brief on behalf of Settling

Defendant of no more than 20 pages including exhibits.  Class Counsel will not

solicit or encourage opt-outs to seek leave to opt back into the Class.  Any

reduction in the Settlement Amount shall be applied to the Deferred Payments as

described above in paragraph 7.1.

       9.2.     Opt-outs shall have no rights with respect to this Agreement, and

shall receive no payments as provided in this Agreement.

## 10.    Attorneys' Fees

10.1.    Settling Defendant will have no responsibility to pay Plaintiffs' attorneys' fees, costs, or expenses.  Class Counsel may apply to the Court for payment of attorneys' fees, costs, and expenses from the Settlement Fund.  In the event the Court disapproves of, or reduces the amount sought in, any such application, such disapproval or reduction shall have no effect on the terms of the Agreement.

## 11.    Withdrawal From or Modification of the Settlement

11.1.    If the Court declines to approve this Agreement or any material part hereof, or if such approval is materially modified or set aside on appeal, or if the Court does not enter the Judgment, or if the Court enters the Judgment and appellate review is sought and, on such review, such Judgment is not affirmed or is materially modified, then the Settling Defendant and Plaintiffs shall each, in their respective sole discretion, have the option to rescind this Agreement in its entirety.  Any Party wishing to rescind pursuant to this paragraph 11.1 must provide written notice of rescission within thirty calendar days of the event giving rise to the option to rescind.

11.2.    If the Agreement is not approved by the Court in all material parts or is otherwise rescinded, the Settling Defendant shall promptly be reimbursed the Settlement Fund, including interest thereon, if any, less any funds actually disbursed pursuant to paragraph 8.6 hereto; in addition, Class Counsel shall promptly reimburse Settling Defendant for any funds actually disbursed pursuant to paragraph 8.6(i) and 8.6(ii).

- 23 -

11.3.  A modification or reversal on appeal of any amount of Class Counsel's fees and expenses awarded by the Court from the Settlement Fund or any Distribution Plan shall not be deemed a modification of all or a part of the terms of this Agreement or such final judgment.

11.4.  In the event that the Agreement is rescinded pursuant to paragraph 11.1, or for any reason the Effective Date does not occur in accordance with the terms of paragraph 5.1 herein, then:

(a)  the terms and provisions of this Agreement, with the exception of this paragraph 11.4 (which shall continue in full force and effect), shall be null and void and shall have no force or effect;

(b)  neither the existence nor the terms of this Agreement, nor any negotiations preceding this Agreement, nor any acts performed pursuant to, or in furtherance of, this Agreement, shall be used or offered in evidence in the Actions or in any other action or proceeding for any purpose (other than to enforce the terms remaining in effect); and

(c)  the Settling Defendant may oppose and assert all objections to the continued certification of the Class or such other class as the Court may certify.

## 12.  Taxes

12.1.  Class Counsel shall be solely responsible for filing all informational and other tax returns necessary to report any net taxable income earned by the Settlement Fund and shall file all informational and other tax

- 24 -

returns necessary to report any income earned by the Settlement Fund and shall be solely responsible for taking out of the Settlement Fund, as and when legally required, any tax payments, including interest and penalties due on income earned by the Settlement Fund. All taxes (including any interest and penalties) due with respect to the income earned by the Settlement Fund shall be paid, when due, from the Settlement Fund; Class Counsel shall direct the escrow agent to do so in writing. The Settling Defendant shall have no responsibility to make any filings relating to the Settlement Fund and will have no responsibility to pay tax on any income earned by the Settlement Fund or pay any taxes on the Settlement Fund, unless the settlement is not consummated and the Settlement Fund is returned to the Settling Defendant. In the event the settlement is not consummated, the Settling Defendant shall be responsible for the payment of any taxes (including any interest or penalties) on said income.

**13.     Miscellaneous**

13.1.    Plaintiffs and the Settling Defendant shall use their best efforts to effectuate this Agreement, including cooperating in promptly seeking the Court's approval of procedures (including the giving of class notice under Rule 23(e) of the Federal Rules of Civil Procedure) to secure the prompt, complete, and final dismissal with prejudice of the Actions as to the Settling Defendant.

13.2.    The United States District Court for the Eastern District of Tennessee shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Agreement or

the applicability of this Agreement that cannot be resolved by negotiation and agreement by Plaintiffs and the Settling Defendant.

13.3.    This Agreement constitutes the entire agreement among Plaintiffs and the Settling Defendant pertaining to the settlement of the Actions against the Settling Defendant only and supersedes any and all prior and contemporaneous undertakings of Plaintiffs and the Settling Defendant in connection therewith. This Agreement may be modified or amended only by a writing executed by Plaintiffs and the Settling Defendant.

13.4.    This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Releasing Parties and the Released Parties. Without limiting the generality of the foregoing and subject to the Effective Date occurring:  (a) each and every covenant and agreement made herein by Plaintiffs or Class Counsel shall be binding upon all Class Members and Releasing Parties, and (b) each and every covenant and agreement made herein by the Settling Defendant shall be binding upon all Released Parties.

13.5.    This Agreement may be executed in counterparts by Plaintiffs (or their counsel) and the Settling Defendant (or its counsel), and an emailed signature shall be deemed an original signature for purposes of executing this Agreement.

13.6.    Neither the Settling Defendant nor Plaintiffs, nor any of them, shall be considered to be the drafter of this Agreement or any of its provisions for the purpose of any statute, case law, or rule of interpretation or construction that

would or might cause any provision to be construed against the drafter of this Agreement.

13.7.    Nothing expressed or implied in this Agreement is intended to or shall be construed to confer upon or give any person or entity other than Class Members, Releasing Parties, and Released Parties any right or remedy under or by reason of this Agreement.

13.8.    Other than in a proceeding to enforce its terms, this Agreement shall not be used or admitted in any other action or proceeding for any purpose and shall not be deemed an admission of any fact in any proceeding.

13.9.    Where this Agreement requires any party to provide notice or any other communication or document to any other party, such notice, communication, or document shall be provided by electronic mail, or letter by overnight delivery, to counsel for that party, and in the case of notice to members of the Class, notice to Class Counsel shall be sufficient.  In addition, any notice contemplated or required in connection with Section 7 hereto ("Settlement Consideration") shall also be provided to: i) General Counsel, Dean Foods Company, 2711 North Haskell Avenue, Suite 3400, Dallas, TX 75204; and ii) Treasurer, Dean Foods Company, 2711 North Haskell Avenue, Suite 3400, Dallas, TX  75204.

13.10.  Each of the undersigned attorneys represents that he or she is fully authorized by their respective clients, the Court's April 1, 2008 Case Management & Scheduling Order appointing interim Class Counsel, and the Court's September 7, 2010 Order certifying the Class and appointing Class Counsel, to enter into the

Case 2:08-md-01000-JRG   Document 1603-1   Filed 07/12/11   Page 27 of 28   PageID #: 37560

terms and conditions of, and to execute, this Agreement on behalf of their respective clients and the Class, subject to Court approval.

13.11. New York law shall apply to any dispute arising from or relating to this Agreement.

Dated: July 12, 2011

_Paul H Friedman_

Paul T. Denis
Paul H. Friedman
Paul D. Frangie
DECHERT LLP
1775 I Street, NW
Washington, D.C. 20006
Tel: (202) 261-3300
paul.denis@dechert.com
paul.friedman@dechert.com
paul.frangie@dechert.com

Carolyn H. Feeney
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104-2808
Tel: (215) 994-4000
carolyn.feeney@dechert.com

*Counsel for Defendant Dean Foods Company*

_R H g Abrams_

Robert G. Abrams
Gregory J. Commins, Jr.
BAKER HOSTETLER LLP
1050 Connecticut Avenue, NW
Suite 1100
Washington, D.C. 20036
Tel.: (202) 861-1500
rabrams@bakerlaw.com
gcommins@bakerlaw.com

*Counsel for Plaintiffs and the Class*

- 28 -