IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

|  |  |  |
|---|---|---|
| IN RE SOUTHEASTERN MILK ANTITRUST LITIGATION | ) ) ) ) | Master File No. 2:08-MD-1000 |
|  | ) | Judge J. Ronnie Greer |
| THIS DOCUMENT RELATES TO: | ) ) |  |
| *Sweetwater Valley Farm, Inc., et al. v. Dean Foods, et al.*, No. 2:07-CV-208 | ) ) ) |  |

**PROPOSED ORDER**

Upon consideration of Dairy Farmer Plaintiffs' motion for preliminary approval of their proposed settlement with Defendant Dean Foods Company ("Dean"), it is hereby **ORDERED** as follows:

1. The motion is hereby **GRANTED.**

2. The Court finds that the proposed settlement with Dean, as set forth in the Settlement Agreement between Plaintiffs and Dean, and subject to final determination following proper notice and a fairness hearing, is sufficiently fair, reasonable and adequate to authorize dissemination of notice to the Class Members.

3. The Court approves the form and content of the: (a) Notice of Proposed Settlement ("Notice"), attached hereto as Exhibit B; and (b) Summary Notice of Proposed Settlement ("Summary Notice"), attached hereto as Exhibit C.

4. The Court finds that the mailing and publication of the Notice and Summary Notice, respectively, in the manner set forth herein constitute the best notice practicable under the circumstances, are due and sufficient notice to all persons entitled thereto and comply fully

with the requirements of Federal Rule of Civil Procedure 23 and the due process requirements of the Constitution of the United States.

5. Within ten (10) days after the date of this Order ("Notice Date"), the Notice shall be mailed by first class U.S. Mail, postage prepaid, to all potential members of the Class whose identities and locations are reasonably ascertainable, which may be satisfied by sending the Notice to the 7,388 addresses of potential class members that Plaintiffs identified in Defendant and third-party records obtained during discovery, plus any potential class members identified since then. In addition, the Summary Notice shall be published in the next available issue of *Hoard's Dairyman*. Plaintiffs also shall post the Settlement Agreement, Notice and their motion for preliminary approval on the class action website maintained by the class action administrator.

6. No additional opt-out period is warranted or required by Rule 23(e)(4) of the Federal Rules of Civil Procedure.

7. Any person who timely requested exclusion from the Class may apply to the Court to be reinstated to the Class (opt back in) provided such application sets forth the reasons for seeking reinstatement and is filed through the Court's ECF system at least fourteen (14) days prior to the Fairness Hearing.

8. Any member of the Class who objects to the settlement must do so in writing. The objection must include the caption of this case, be signed, and be **filed with** the Court no later than fourteen (14) days prior to the Fairness Hearing and shall otherwise comply with the requirements set forth in the Notice. The objection must also be mailed to Class Counsel and counsel for Defendants, **postmarked** no later than fourteen (14) days prior to the Fairness Hearing. Any response to timely, completed objections must be filed with the Court and served no later than seven (7) days prior to the Fairness Hearing.

9. Any Class Member who wishes to be eligible for a payment as a result of the Settlement, including those members seeking to opt back in, must file a claim no later than fourteen (14) days before the Fairness Hearing.

10. No later than seven (7) business days prior to the Fairness Hearing, Class Counsel shall file with the Court, and serve upon counsel for Defendants, affidavits or declarations of the person under whose general direction the mailing of the Notice and the publication of the Summary Notice were made, showing that mailing and publication were made in accordance with this Order.

11. The Court will convene a hearing (the "Fairness Hearing") on **[date]** at **[time]**, at **[location]**, to consider (a) whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate to and in the best interests of the Class, and whether Judgment should be entered dismissing the Released Claims on the merits and with prejudice; and (b) whether to approve any application by Class Counsel for an award of attorneys' fees and payment of costs and expenses. Any Class member who follows the procedure set forth in the Notice may appear and be heard at the Hearing. The Hearing may be continued without further notice to the Class.

12. Any member of the Class who seeks to appear and be heard at the Fairness Hearing shall, no later than fourteen (14) business days prior to the Fairness Hearing, send a letter with that request to the Clerk of the Court, Class Counsel, and counsel for the Defendants.

13. The Court approves the establishment of the Settlement Fund, as set forth in the Settlement Agreement, as a "Qualified Settlement Fund" pursuant to Treas. Reg. § 1.468B-1. The Court retains continuing jurisdiction over any issues regarding the formation or administration of the Settlement Fund. Class Counsel and their designees are authorized to use up to $50,000 of the Settlement Fund to give notice of the Settlement to Class members and for

settlement administration costs, up to $10,000 of the Settlement fund for escrow agent costs, and such amount of the Settlement Fund as is required to pay taxes on income earned on the Settlement Fund, with prior notice to Defendants. No other disbursements shall be made from the Settlement Fund prior to the Effective Date, as defined in the Settlement Agreement, and then only upon approval and order of the Court.

14. Rust Consulting, Inc. is appointed as Claims Administrator for purposes of notice and administration of the settlement with Dean.

15. JPMorgan Chase Bank, National Association shall serve as the escrow agent in connection with the Settlement Fund described in Paragraph 7.1 of the Settlement Agreement.

16. Plaintiffs and members of the Class are preliminarily enjoined from the initiation, commencement or prosecution of any Released Claim by any of the Releasing Parties.

17. All claims against Dean are SEVERED from those against the other Defendants and all claims against Dean are STAYED until further order of the Court.

18. All capitalized terms used in this Order shall have the meanings set forth in the Settlement Agreement.

Dated: _____    _____
                              Hon. J. Ronnie Greer
                              United States District Court Judge