# EXHIBIT A

# ESCROW AGREEMENT
## (Class Action/Litigation Settlement Escrow)

THIS ESCROW AGREEMENT (as the same may be amended or modified from time to time pursuant hereto, this "Agreement") is made and entered into as of July _____, 2011, by and among Dean Foods Company, a Delaware corporation ("Company"), Rust Consulting, Inc., a Minnesota corporation (the "Administrator"), Baker & Hostetler LLP, an Ohio limited partnership ("Class Counsel", and together with Company and Administrator, sometimes referred to individually as "Party" or collectively as the "Parties"), and JPMorgan Chase Bank, National Association (the "Escrow Agent").

**WHEREAS**, pursuant to a Settlement Agreement, the Company has agreed, under certain circumstances, to make contributions into a settlement fund to be held in escrow subject to the terms and conditions set forth herein.

**NOW THEREFORE**, in consideration of the foregoing and of the mutual covenants hereinafter set forth, the Parties hereto agree as follows:

1. **Appointment**. The Parties hereby appoint the Escrow Agent as their escrow agent for the purposes set forth herein, and the Escrow Agent hereby accepts such appointment under the terms and conditions set forth herein.

2. **Settlement Fund.** Company agrees to deposit with the Escrow Agent the aggregate sum of one hundred forty million United States dollars ($140,000,000) as follows: (i) within five business days after the entry of the Preliminary Approval Order (as defined in the Settlement Agreement), sixty million United States dollars ($60,000,000); and (ii) within five business days of each of the first, second, third, and fourth anniversaries of entry of the final order of judgment, approval of the settlement, and dismissal of the Action (as defined in the Settlement Agreement) as to the Company with prejudice and without costs, a sum of twenty million United States dollars ($20,000,000) (each, a "Deferred Payment" and collectively, the "Deferred Payments"); provided however that each Deferred Payment will be reduced, in equal amounts, to account for any reduction in the settlement amount under the terms of the Settlement Agreement (collectively, the "Escrow Deposit"). The Escrow Agent shall hold the Escrow Deposit and, subject to the terms and conditions hereof, shall invest and reinvest the Escrow Deposit and the proceeds thereof (the "Settlement Fund") as directed in Section 3.

3. **Investment of Settlement Fund.** During the term of this Agreement, the Settlement Fund shall be invested in the JPMorgan 100% U.S. Treasury Securities Money Market Fund, which is a United States treasury money market fund subject to the regulations of the United States Securities and Exchange Commission, or as otherwise directed at the sole discretion of Class Counsel in a successor or similar investment offered by and acceptable to the Escrow Agent, provided however that when disbursement of all or part of the Fund is approved by the Court, the necessary funds may be transferred into and paid out of a federally insured bank account. All interest earned on the Settlement Fund shall become and remain part of the Settlement Fund. Market values, exchange rates and other valuation information (including without limitation, market value, current value or notional value) of any investment furnished in any report or statement may be obtained from third party sources and is furnished for the exclusive use of the Parties. Escrow Agent has no responsibility whatsoever to determine the market or other value of any investment and makes no representation or warranty, express or implied, as to the accuracy of any such valuations or that any values necessarily reflect the proceeds that may be received on the sale of an investment. The Parties recognize and agree that the Escrow Agent will not provide supervision, recommendations or advice relating to either the investment of moneys held in the Settlement Fund or the purchase, sale, retention or other disposition of any investment described herein. Neither the Escrow Agent nor the Company shall have any liability for any loss sustained as a result of any investment in an investment made pursuant to the terms of this Agreement or as a result of any liquidation of any investment prior to its maturity or for the failure of Class Counsel to give the Escrow Agent instructions to invest or reinvest the Settlement Fund. The Escrow Agent shall have the right to liquidate any investments held in order to provide funds necessary to make required payments under this Agreement.

4.      **Disposition and Termination.**  The Escrow Agent shall disburse some or all of the Settlement Fund to the Company, Class Counsel or the Administrator only in accordance with (a) a written instrument delivered to the Escrow Agent and the Administrator that is executed by both the Company and Class Counsel and, in the case of a disbursement to the Administrator, that further instructs the Administrator as to the disbursement of some or all of the Settlement Fund to any third parties, or (b) an order of the United States District Court for the Eastern District of Tennessee, a copy of which is delivered to the Escrow Agent and the Administrator by either the Company or Class Counsel, that instructs the Escrow Agent to disburse some or all of the Settlement Fund to the Company, Class Counsel or the Administrator and, in the case of a disbursement to the Administrator, that further instructs the Administrator as to the disbursement of some or all of the Settlement Fund to any third parties.  For the avoidance of doubt, for payments to third parties, the Escrow Agent's sole responsibility shall be to disburse the Settlement Fund as directed in accordance with this Section 4 to the Administrator for further allocation.  Prior to the final release from the Settlement Fund, the Administrator shall certify in writing to the Escrow Agent that all amounts due and payable per Section 9(b) have been paid and that no amounts are required to be held back from the final release of the Settlement Fund.  Upon delivery of the final Deferred Payment out of the Settlement Fund by the Escrow Agent, this Agreement shall terminate, subject to the provisions of Section 8(b).

5.      **Escrow Agent**.  (a) The Escrow Agent shall have only those duties as are specifically and expressly provided herein, which shall be deemed purely ministerial in nature, and no other duties shall be implied.  The Escrow Agent shall neither be responsible for, nor chargeable with, knowledge of, nor have any requirements to comply with, the terms and conditions of any other agreement, instrument or document between the Parties, in connection herewith, if any, including without limitation the Settlement Agreement, nor shall the Escrow Agent be required to determine if any person or entity has complied with any such agreements, nor shall any additional obligations of the Escrow Agent be inferred from the terms of such agreements, even though reference thereto may be made in this Agreement.  In the event of any conflict between the terms and provisions of this Agreement, those of the Settlement Agreement, any schedule or exhibit attached to this Agreement, or any other agreement among the Parties, the terms and conditions of this Agreement shall control.  The Escrow Agent may rely upon and shall not be liable for acting or refraining from acting upon any written notice, document, instruction or request furnished to it hereunder and believed by it to be genuine and to have been signed or presented by the proper Party or Parties without inquiry and without requiring substantiating evidence of any kind.  The Escrow Agent shall not be liable to any Party, any beneficiary or other person for refraining from acting upon any instruction setting forth, claiming, containing, objecting to, or related to the transfer or distribution of the Settlement Fund, or any portion thereof, unless such instruction shall have been delivered to the Escrow Agent in accordance with Section 11 below and the Escrow Agent has been able to satisfy any applicable security procedures as may be required thereunder. The Escrow Agent shall be under no duty to inquire into or investigate the validity, accuracy or content of any such document, notice, instruction or request.  The Escrow Agent shall have no duty to solicit any payments which may be due it or the Settlement Fund, including, without limitation, the Escrow Deposit nor shall the Escrow Agent have any duty or obligation to confirm or verify the accuracy or correctness of any amounts deposited with it hereunder.

(b)  The Escrow Agent shall not be liable for any action taken, suffered or omitted to be taken by it in good faith except to the extent that a final adjudication of a court of competent jurisdiction determines that the Escrow Agent's gross negligence or willful misconduct was the primary cause of any loss to either Party.  The Escrow Agent may execute any of its powers and perform any of its duties hereunder directly or through affiliates or agents.  The Escrow Agent may consult with counsel, accountants and other skilled persons to be selected and retained by it.  The Escrow Agent shall not be liable for any action taken, suffered or omitted to be taken by it in accordance with, or in reliance upon, the advice or opinion of any such counsel, accountants or other skilled persons.  In the event that the Escrow Agent shall be uncertain or believe there is some ambiguity as to its duties or rights hereunder or shall receive instructions, claims or demands from any party hereto which, in its opinion, conflict with any of the provisions of this Agreement, it shall be entitled to refrain from taking any action and its sole obligation shall be to keep safely the Settlement Fund until it shall be given a direction in writing by the Parties which eliminates such ambiguity or uncertainty to the satisfaction of Escrow Agent or by a final and non-appealable order or judgment of a court of competent jurisdiction.  The Parties agree to pursue any redress or recourse in connection with any dispute without making the Escrow Agent a party to the same.  Anything in this Agreement to the contrary notwithstanding, in no event shall the Escrow Agent be liable for special, incidental, punitive, indirect or consequential loss or

damage of any kind whatsoever (including but not limited to lost profits), even if the Escrow Agent has been advised of the likelihood of such loss or damage and regardless of the form of action.

6. **Succession.** (a) The Escrow Agent may resign and be discharged from its duties or obligations hereunder by giving thirty (30) days advance notice in writing of such resignation to the Parties specifying a date when such resignation shall take effect. The Parties, acting jointly, may remove the Escrow Agent at any time by giving to the Escrow Agent thirty (30) days advance notice in writing of such removal signed by each Party. Within thirty (30) days after giving the foregoing notice of removal to the Escrow Agent or receiving the foregoing notice of resignation from the Escrow Agent, the Parties shall jointly agree on and appoint a successor escrow agent. Upon receipt of the identity of the successor escrow agent, the Escrow Agent shall either deliver the amounts then held hereunder in the Fund to the successor escrow agent, less the Escrow Agent's reasonable fees, costs and expenses or other obligations owed to the Escrow Agent, or hold such Fund (or any portion thereof), pending distribution, until all such fees, costs and expenses or other obligations are paid. If the Parties have failed to appoint a successor escrow agent prior to the expiration of thirty (30) days following receipt of the notice of resignation, or notice of removal, as the case may be, the Escrow Agent may petition any court of competent jurisdiction for the appointment of a successor escrow agent or for other appropriate relief, and any such resulting appointment shall be binding upon all of the Parties hereto. Escrow Agent's sole responsibility after such thirty (30) day notice period expires shall be to hold the Settlement Fund (without any obligation to reinvest the same) and to deliver the same to a designated substitute escrow agent, if any, or in accordance with the directions of a final order or judgment of a court of competent jurisdiction, at which time of delivery Escrow Agent's obligations hereunder shall cease and terminate, subject to the provisions of Section 8(b). In accordance with Section 8(b), the Escrow Agent shall have the right to withhold an amount equal to any amount due and owing to the Escrow Agent, plus any costs and expenses the Escrow Agent shall reasonably believe may be incurred by the Escrow Agent in connection with the termination of this Agreement.

(b) Any entity into which the Escrow Agent may be merged or converted or with which it may be consolidated, or any entity to which all or substantially all the escrow business may be transferred, shall be the Escrow Agent under this Agreement without further act.

7. **Compensation and Reimbursement.** The Escrow Agent shall be entitled to (a) compensation for all services to be rendered hereunder, as described in Schedule 2 attached hereto, and (b) reimbursement for its documented, reasonable out-of-pocket costs and expenses incurred in connection with the performance by it of services under this Agreement, including, without limitation reasonable attorney's fees and expenses, incurred or made by it in connection with the performance of this Agreement. Class Counsel shall be solely responsible for paying the Escrow Agent the amounts to which it is entitled, and such compensation shall be paid from the funds in the Escrow Account. The obligations set forth in this Section 7 shall survive the termination of this Agreement and the resignation, replacement or removal of the Escrow Agent.

8. **Indemnity.** (a) The Parties shall jointly and severally indemnify, defend and save harmless the Escrow Agent and its affiliates and their respective successors, assigns, agents and employees (the "Indemnitees") from and against any and all losses, damages, claims, liabilities, penalties, judgments, settlements, litigation, investigations, costs or expenses (including, without limitation, the fees and expenses of outside counsel and experts and their staffs and all expense of document location, duplication and shipment) (collectively "Losses") arising out of or in connection with (i) the Escrow Agent's execution and performance of this Agreement, tax reporting or withholding, the enforcement of any rights or remedies under or in connection with this Agreement, or as may arise by reason of any act, omission or error of the Indemnitee, except in the case of any Indemnitee to the extent that such Losses are finally adjudicated by a court of competent jurisdiction to have been primarily caused by the gross negligence or willful misconduct of such Indemnitee, or (ii) its following any instructions or other directions, whether joint or singular, from the Parties, except to the extent that its following any such instruction or direction is expressly forbidden by the terms hereof. The indemnity obligations set forth in this Section 8(a) shall survive the resignation, replacement or removal of the Escrow Agent or the termination of this Agreement.

(b) The Parties hereby grant the Escrow Agent a right of set-off against the Settlement Fund for the payment of any claim for indemnification, fees, expenses and amounts due to the Escrow Agent or an Indemnitee, provided however that with respect to indemnification obligations only, such sums must be agreed by the Parties or be finally

3

adjudicated by a court of competent jurisdiction to be owing to the Escrow Agent. In furtherance of the foregoing, the Escrow Agent is expressly authorized and directed, and hereby agrees, to charge against and withdraw from the Settlement Fund for its own account or for the account of an Indemnitee any amounts due to the Escrow Agent or to an Indemnitee under Sections 6(a) or 7 (to the extent that such amounts are not objected to by Class Counsel after five (5) business days' prior written notice thereof) or 8(a) (to the extent that such amounts are agreed by the Parties or are finally adjudicated by a court of competent jurisdiction to be owing to the Escrow Agent) of this Agreement and then, only if there do not exist sufficient amounts in the Settlement Fund, shall the Escrow Agent seek payment thereof from the Parties.

9. **Patriot Act Disclosure/Taxpayer Identification Numbers/Tax Reporting.**

(a) **Patriot Act Disclosure.** Section 326 of the Uniting and Strengthening America by Providing Appropriate Tools Required to Intercept and Obstruct Terrorism Act of 2001 ("USA PATRIOT Act") requires the Escrow Agent to implement reasonable procedures to verify the identity of any person that opens a new account with it. Accordingly, the Parties acknowledge that Section 326 of the USA PATRIOT Act and the Escrow Agent's identity verification procedures require the Escrow Agent to obtain information which may be used to confirm the Parties' identity including without limitation name, address and organizational documents ("identifying information"). The Parties agree to provide the Escrow Agent with and consent to the Escrow Agent obtaining from third parties any such identifying information required as a condition of opening an account with or using any service provided by the Escrow Agent.

(b) **Certification and Tax Reporting.** (i) The Parties have provided the Escrow Agent with their respective fully executed Internal Revenue Service ("IRS") Form W-8, or W-9 and/or other required documentation.

(ii) The Settlement Fund is to be treated for federal income tax purposes as a qualified settlement fund within the meaning of U.S. Department of Treasury ("Treas.") Reg. § 1.468B-1. The Administrator shall be the "administrator" (as that term is used in Treas. Reg. §1.468B-2(k)(3)) of the Settlement Fund and as such will file such federal, state or local returns, pay such federal, state or local taxes, comply with applicable federal, state or local information reporting requirements and otherwise generally comply with the rules and regulations applicable to qualified settlement funds under Treas. Reg. § 1.468B-1 and relevant provisions of state and local tax law. The Administrator is explicitly authorized to use the assets of the Settlement Fund (A) to satisfy such federal, state and local taxes as may be due with respect to the Settlement Fund and (B) to reduce the amount of any payments under this Agreement by taxes paid or which the Administrator reasonably concludes may become payable. The Company will comply with the provisions of the U.S. Department of Treasury Regulations applicable to the transferor to a qualified settlement fund and the Administrator will comply with its duties and obligations under the Reg. §1.468B rules.

(iii) The Administrator, and, as required, the Company, shall jointly and timely make (or cause to be jointly and timely made) the "relation-back election" (as defined in Treas. Reg. § 1.468-1B) back to the earliest permitted date. Such election shall be made in compliance with the procedures and requirements contained in such regulations (or any successor regulations). It shall be the responsibility of the Administrator to timely and properly prepare, and deliver the necessary documentation (including but not limited to the disclosures and elections referred to above) for signature by all necessary Parties, and thereafter to cause the appropriate filing to occur.

(iv) The Parties hereto acknowledge that the Administrator shall not be held accountable for any fines, penalties or interest associated with late filings as a result of the failure or refusal of others to cooperate with the Administrator causing such filings to occur on a timely basis. The Administrator may retain or hire a qualified third party or parties ("Qualified Third Party") to perform any of its duties or responsibilities specified herein or in Treas. Reg. § 1-468B-2. The fees or costs of such Qualified Third Party shall be billed to the Administrator and shall be paid from amounts on deposit in the Settlement Fund.

(v) The Escrow Agent shall have no duty to comply with the provisions of Treasury Reg. § 1.468B, cited above. Furthermore, the Escrow Agent shall not be deemed to have any responsibility concerning the applicability of such regulation to the transactions contemplated by this Agreement.

4

10. **Notices.** All communications hereunder shall be in writing and except for communications from the Parties setting forth, claiming, containing, objecting to, or in any way related to the transfer or distribution of funds, including but not limited to funds transfer instructions (all of which shall be specifically governed by Section 11 below), any such communication shall be deemed to be duly given after it has been received and the receiving party has had a reasonable time to act upon such communication if it is sent or served:

    (a) by facsimile;
    (b) by overnight courier; or
    (c) by prepaid registered mail, return receipt requested;

to the appropriate notice address set forth below or at such other address as any party hereto may have furnished to the other parties in writing by registered mail, return receipt requested.

| | |
|---|---|
| If to Company | Dean Foods Company<br>2711 North Haskell Avenue, Suite 3400<br>Dallas, TX 75204<br>Attention: General Counsel<br>Tel No.: (214) 303-3432<br>Fax No.: (214) 303-3851<br><br>Dean Foods Company<br>2711 North Haskell Avenue, Suite 3400<br>Dallas, TX 75204<br>Attention: Treasurer<br>Tel No.: (214) 303-3713<br>Fax No.: (214) 721-8800 |
| If to Administrator | Rust Consulting, Inc.<br>625 Marquette Avenue, Suite 880<br>Minneapolis, MN 55402<br>Attention: Bank & Tax<br>Tel No.: 612-359-2859<br>Fax No.:612-359-2050 |
| If to Class Counsel | Baker & Hostetler LLP<br>Washington Square, Suite 1100<br>1050 Connecticut Avenue, NW<br>Washington, DC 20036-5304<br>Attention: Robert G. Abrams, Esq.<br>Tel No.: (202) 861-1699<br>Fax No.: (202) 861-1783<br><br>Baker & Hostetler LLP<br>Washington Square, Suite 1100<br>1050 Connecticut Avenue, NW<br>Washington, DC 20036-5304<br>Attention: Gregory J. Commins, Jr., Esq.<br>Tel No.: (202) 861-1536<br>Fax No.: (202) 861-1783 |
| If to the Escrow Agent | JPMorgan Chase Bank, N.A.<br>Escrow Services<br>420 West Van Buren, IL1-0113 |

Chicago, IL 60606
Attention:  Chris Koenig
Fax No.:  (312) 954-0430

Notwithstanding the above, in the case of communications delivered to the Escrow Agent, such communications shall be deemed to have been given on the date received by an officer of the Escrow Agent or any employee of the Escrow Agent who reports directly to any such officer at the above-referenced office.  For purposes of this Agreement, "Business Day" shall mean any day other than a Saturday, Sunday or any other day on which the Escrow Agent located at the notice address set forth above is authorized or required by law or executive order to remain closed.

11.     **Security Procedures.**  Notwithstanding anything to the contrary as set forth in Section 10, any instructions setting forth, claiming, containing, objecting to, or in any way related to the transfer or distribution of funds, including but not limited to any such funds transfer instructions that may otherwise be set forth in a written instruction permitted pursuant to Section 4 of this Agreement, may be given to the Escrow Agent only by confirmed facsimile and no instruction for or related to the transfer or distribution of the Settlement Fund, or any portion thereof, shall be deemed delivered and effective unless the Escrow Agent actually shall have received such instruction by facsimile at the number provided to the Parties by the Escrow Agent in accordance with Section 10 and as further evidenced by a confirmed transmittal to that number.

(a) In the event funds transfer instructions are so received by the Escrow Agent by facsimile, the Escrow Agent is authorized to seek confirmation of such instructions by telephone call-back to the person or persons designated on Schedule 1 hereto, and the Escrow Agent may rely upon the confirmation of anyone purporting to be the person or persons so designated.  Each funds transfer instruction shall be executed by an authorized signatory, a list of such authorized signatories is set forth on Schedule 1.  The persons and telephone numbers for call-backs may be changed only in a writing actually received and acknowledged by the Escrow Agent. If the Escrow Agent is unable to contact any of the authorized representatives identified in Schedule 1, the Escrow Agent is hereby authorized both to receive written instructions from and seek confirmation of such instructions by telephone call-back to any one or more of the Parties' executive officers, ("Executive Officers"), as the case may be, which shall include the titles of, in the case of the Company, the chief executive officer, chief financial officer and general counsel, as the Escrow Agent may select and, in the case of the Administrator, Director of Bank & Tax, SVP Finance or Controller. Such "Executive Officer" shall deliver to the Escrow Agent a fully executed incumbency certificate, and the Escrow Agent may rely upon the confirmation of anyone purporting to be any such officer. The Escrow Agent and the beneficiary's bank in any funds transfer may rely solely upon any account numbers or similar identifying numbers provided by the Parties to identify (i) the beneficiary, (ii) the beneficiary's bank, or (iii) an intermediary bank.  The Escrow Agent may apply any of the Settlement Funds for any payment order it executes using any such identifying number, even when its use may result in a person other than the beneficiary being paid, or the transfer of funds to a bank other than the beneficiary's bank or an intermediary bank designated.

(b) Company acknowledges that the Escrow Agent is authorized to use the following funds transfer instructions to disburse any funds due to Company under this Agreement without a verifying call-back as set forth in Section 11(a) above:

Company's Bank account information:          Bank name:
                                              Bank Address:
                                              ABA number:
                                              Account name:
                                              Account number:

Administrator acknowledges that the Escrow Agent is authorized to use the following funds transfer instructions to disburse any funds due to Administrator under this Agreement without a verifying call-back as set forth in Section 11(a) above:

Administrator's Bank account information:    Bank name:
                                              Bank Address:

6

ABA number:
Account name:
Account number:

Class Counsel acknowledges that the Escrow Agent is authorized to use the following funds transfer instructions to disburse any funds due to Class Counsel under this Agreement without a verifying call-back as set forth in Section 11(a) above:

Class Counsel's Bank account information:   Bank name:
Bank Address:
ABA number:
Account name:

(c) The Parties acknowledge that the security procedures set forth in this Section 11 are commercially reasonable.

12.    **Compliance with Court Orders.**  In the event that any of the Settlement Fund shall be attached, garnished or levied upon by any court order, or the delivery thereof shall be stayed or enjoined by an order of a court, or any order, judgment or decree shall be made or entered by any court order affecting the property deposited under this Agreement, the Escrow Agent is hereby expressly authorized, in its sole discretion, to obey and comply with all writs, orders or decrees so entered or issued, which it is advised by legal counsel of its own choosing is binding upon it, whether with or without jurisdiction, and in the event that the Escrow Agent obeys or complies with any such writ, order or decree it shall not be liable to any of the parties hereto or to any other person, entity, firm or corporation, by reason of such compliance notwithstanding such writ, order or decree be subsequently reversed, modified, annulled, set aside or vacated.

13.    **Miscellaneous.**  The provisions of this Agreement may be waived, altered, amended or supplemented, in whole or in part, only by a writing signed by the Escrow Agent and the Parties. Neither this Agreement nor any right or interest hereunder may be assigned in whole or in part by the Escrow Agent or any Party, except as provided in Section 6, without the prior consent of the Escrow Agent and the other Parties. This Agreement shall be governed by and construed under the laws of the State of New York. Each Party and the Escrow Agent irrevocably waives any objection on the grounds of venue, forum non-conveniens or any similar grounds and irrevocably consents to service of process by mail or in any other manner permitted by applicable law and consents to the jurisdiction of the courts located in the State of New York. To the extent that in any jurisdiction either Party may now or hereafter be entitled to claim for itself or its assets, immunity from suit, execution attachment (before or after judgment), or other legal process, such Party shall not claim, and it hereby irrevocably waives, such immunity. The Parties and the Escrow Agent further hereby waive any right to a trial by jury with respect to any lawsuit or judicial proceeding arising or relating to this Agreement. No party to this Agreement is liable to any other party for losses due to, or if it is unable to perform its obligations under the terms of this Agreement because of, acts of God, fire, war, terrorism, floods, strikes, electrical outages, equipment or transmission failure, or other causes reasonably beyond its control. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. All signatures of the parties to this Agreement may be transmitted by facsimile, and such facsimile will, for all purposes, be deemed to be the original signature of such party whose signature it reproduces, and will be binding upon such party. If any provision of this Agreement is determined to be prohibited or unenforceable by reason of any applicable law of a jurisdiction, then such provision shall, as to such jurisdiction, be ineffective to the extent of such prohibition or unenforceability without invalidating the remaining provisions thereof, and any such prohibition or unenforceability in such jurisdiction shall not invalidate or render unenforceable such provisions in any other jurisdiction. A person who is not a party to this Agreement shall have no right to enforce any term of this Agreement. The Parties represent, warrant and covenant that each document, notice, instruction or request provided by such Party to Escrow Agent shall comply with applicable laws and regulations. Where, however, the conflicting provisions of any such applicable law may be waived, they are hereby irrevocably waived by the parties hereto to the fullest extent permitted by law, to the end that this Agreement shall be enforced as written. Except as expressly provided in Section 8 above, nothing in this Agreement, whether express or implied, shall be construed to give to any person or entity other than the Escrow Agent and the Parties any legal or equitable right, remedy, interest or claim under or in respect of this Agreement or any funds escrowed hereunder.

**IN WITNESS WHEREOF**, the parties hereto have executed this Agreement as of the date set forth above.

**COMPANY**

By:_____

Name:_____

Title: _____

**ADMINISTRATOR**

By:_____

Name:  Ken Wood

Title:  Director of Bank & Tax

**CLASS COUNSEL**

By:_____

Name:  Robert G. Abrams, Esq.

Title:  Partner

**JPMORGAN CHASE BANK, NATIONAL ASSOCIATION**

**as Escrow Agent**

By:_____

Name:_____

Title: _____

8

Case 2:08-md-01000-JRG   Document 1651-1   Filed 07/18/11   Page 9 of 11   PageID #: 39052

## SCHEDULE 1

**Telephone Number(s) and authorized signature(s) for**
**Person(s) Designated to give Funds Transfer Instructions**

If from Company:

    <u>Name</u>                  <u>Telephone Number</u>          <u>Signature</u>

If from Administrator:

    <u>Name</u>                  <u>Telephone Number</u>          <u>Signature</u>

If from Class Counsel:

    <u>Name</u>                  <u>Telephone Number</u>          <u>Signature</u>

**Telephone Number(s) for Call-Backs and**
**Person(s) Designated to Confirm Funds Transfer Instructions**

If from Company:

    <u>Name</u>                  <u>Telephone Number</u>

If from Administrator:

    <u>Name</u>                  <u>Telephone Number</u>

If from Class Counsel:

    <u>Name</u>                  <u>Telephone Number</u>

SCHEDULE 2

# J.P.Morgan

Based upon our current understanding of your proposed transaction, our fee proposal is as follows:

**Account Acceptance Fee** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . …...Waived
Encompassing review, negotiation and execution of governing documentation, opening of the account, and completion of all due diligence documentation. Payable upon closing.

**Annual Administration Fee** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $2,000
The Administration Fee covers our usual and customary ministerial duties, including record keeping, distributions, document compliance and such other duties and responsibilities expressly set forth in the governing documents for each transaction. Payable upon closing and annually in advance thereafter, without pro-ration for partial years.

**Extraordinary Services and Out-of Pocket Expenses**
Any additional services beyond our standard services as specified above, and all reasonable out-of-pocket expenses including attorney's or accountant's fees and expenses will be considered extraordinary services for which related costs, transaction charges, and additional fees will be billed at the Bank's then standard rate. Disbursements, receipts, investments or tax reporting exceeding 25 items per year may be treated as extraordinary services thereby incurring additional charges. The Escrow Agent may impose, charge, pass-through and modify fees and/or charges for any account established and services provided by the Escrow Agent, including but not limited to, transaction, maintenance, balance-deficiency, and service fees and other charges, including those levied by any governmental authority.

**Disclosure & Assumptions**

- Please note that the fees quoted are based on a review of the transaction documents provided and an internal due diligence review. JPMorgan reserves the right to revise, modify, change and supplement the fees quoted herein if the assumptions underlying the activity in the account, level of balances, market volatility or conditions or other factors change from those used to set our fees.

- The Settlement Fund shall, at the sole discretion of Class Counsel, be continuously held in a United States treasury money market fund subject to the regulations of the United States Securities and Exchange Commission, provided however that when disbursement of all or part of the Fund is approved by the Court, the necessary funds may be transferred into and paid out of a federally insured bank account at JPMorgan Chase Bank, N.A. All interest earned on the Settlement Fund shall become and remain part of the Settlement Fund. Absent further instructions from Class Counsel, the Settlement Fund shall be invested in the JPMorgan 100% U.S. Treasury Securities Money Market Fund.. The Annual Administration Fee would include a supplemental charge up to 25 basis points on the Settlement Fund amount if another investment option were to be chosen.

- Payment of the invoice is due upon receipt.

**Compliance**
To help the government fight the funding of terrorism and money laundering activities, Federal law requires all financial institutions to obtain, verify, and record information that identifies each person or entity that opens an account. We may ask for information that will enable us to meet the requirements of the Act.