IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| IN RE: SOUTHEASTERN MILK ) <br> ANTITRUST LITIGATION ) <br> ) <br> ) <br> THIS DOCUMENT RELATES TO: ) <br> *Sweetwater Valley Farm, Inc., et al. v.* ) <br> *Dean Foods Co., et al., No. 2:07-CV 208.* ) <br> ) | Master File No. 2:08-MD-1000 <br><br> Judge J. Ronnie Greer |

## ORDER

This matter is before the Court on "Defendants' Motion In Limine To Preclude Plaintiffs From Introducing Evidence Of The Settlement Between Plaintiffs And Dean Foods, Referencing That Agreement Or Mentioning That Dean Foods Had Previously Been A Party To The Lawsuit," [Doc. 1666]. Plaintiffs have responded, [Doc. 1687]. For the reasons which follow, the motion will be GRANTED.

One of the defendants, Dean Foods Company, and plaintiffs have entered into a settlement agreement and the Court has granted preliminary approval of the agreement and scheduled a fairness hearing.[1] The remaining defendants seek an order "prohibiting Plaintiffs from introducing evidence related to the settlement agreement, making reference to the settlement agreement or mentioning that Dean previously had been a party to the lawsuit, but is no longer, during the trial." The plaintiffs oppose the motion, arguing that they should be allowed to present to the jury only the fact of

---

[1] Defendants SMA and James Baird have, since the filing of this motion, also entered into a settlement agreement with the plaintiffs. Although not specifically covered by this motion, this order applies equally to the settlement agreement between SMA, Baird and Plaintiffs.

settlement, but not evidence of why a defendant settled or for what amount. Plaintiffs argue that the introduction of such evidence, along with a limited instruction, "is often necessary to avoid jury confusion about why a particular defendant is not at trial."

Federal Rule of Evidence 408 prohibits the introduction of evidence of a compromise settlement or offers to compromise "when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount . . ." Fed. R. Evid. 408(a). The rule does not require exclusion of such evidence if offered for a proper purpose such as "proving a witness's bias or prejudice; negating a contention of undue delay; and proving an effort to obstruct a criminal investigation or prosecution." Fed. R. Evid. 408(b). The rule also bars "[e]vidence of a completed compromise of a claim arising out of the same transaction between a third person and a party to the suit being litigated . . ." Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence*, Section 408.04 (2d Ed. 2011). Although plaintiffs do not dispute these basic rules, they do argue that some evidence of the settlement with Dean is necessary and admissible for a proper purpose to prevent jury confusion or speculation about why Dean, "one of the central actors in the conspiracy," is not before the Court.

Defendants have the better of this argument. This Court concludes that, rather than avoiding confusion or speculation, evidence of the settlement would simply invite the risk "that jurors would view the settlement as an admission of guilt." *McHann v. Firestone Tire & Rubber Co.*, 713 F.2d 161, 167 (5th Cir. 1983). Indeed, the Court finds that even if the evidence were admissible for some proper purpose, which it is not, admission of the evidence would raise Rule 403 problems and would be unfairly prejudicial to the remaining defendants. *See Powers v. Bayliner Marine Corp.*, 855 F.Supp. 1999, 205 (E.D. Mich. 1994).

2

Plaintiffs cite a series of cases in support of their position where evidence of a settlement was admitted after it had become evident during the trial that certain defendants had settled. This is not a case where Dean or some other defendant has settled in the middle of a trial and their absence must be explained to the jury nor should there be any reason why the jury should come to the conclusion that Dean has settled, unless plaintiffs allow that to happen. In fact, plaintiffs' real motivation for seeking admission of the evidence is clear from their response where they state that "Plaintiffs theory of the case requires them to prove that Dean participated in Defendants' conspiracy. Without any mention that Dean (or any other settling defendant) was once part of the case, or a preliminary jury instruction about the fact of the settlement (but not the amount or details), at least some jurors will be confused about why Dean is not before the Court." It thus appears that plaintiffs hope to use evidence of the settlement with Dean to prove that Dean participated in the conspiracy, a purpose which is not a proper one and which is in fact contrary to the express provisions of the settlement agreement between Dean and plaintiffs. Plaintiffs do not explain why it is any more necessary for them to tell the jury why Dean is not before the Court than it is for them to explain why any of the other alleged coconspirators named, but not sued, are not before the Court. The reasons, whether because of settlement or simply because plaintiffs did not choose to sue those coconspirators, is irrelevant.

This Court will handle this situation as it has handled many others which arise in the context of both civil and criminal cases. It is not at all unusual for some, but not all, of the alleged coconspirators to be on trial while others have settled or entered guilty pleas. The Court will simply instruct the jury, both preliminarily and as part of the final instructions, that there is no requirement in a conspiracy case that all alleged coconspirators be tried in the same proceeding in one trial. The

jury will also be instructed that they are not to even consider the fact that the claims of plaintiffs against other coconspirators are not being tried at the same time and should not even discuss it in their deliberations. In the final analysis, this situation is no different from that which would exist in a criminal conspiracy case where multiple defendants had been charged in the indictment but only one is proceeding to trial. The absence of the other coconspirators would not be explained to the jury by informing the jury that each had previously entered a guilty plea and even in cases where that coconspirator testified and the fact of the guilty plea became known, the jury would then be instructed that they could not infer guilt of the defendant on trial from the fact that other coconspirators had pleaded guilty. Even if plaintiffs in truth seek to admit evidence of the settlement for some purpose other than as an admission of guilt or liability on Dean's part, the possibility that the jury might draw such a conclusion from the Dean settlement is very real and raises a real risk that the jury might impute liability to the remaining defendants based on the Dean settlement. This is an improper purpose and plaintiffs will be prohibited from introducing evidence related to the settlement agreement, making reference to the settlement agreement, or even mentioning that Dean previously has been a party to the lawsuit, but is no longer. The motion *in limine*, [Doc. 1666], is GRANTED.

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE

4