IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| IN RE: SOUTHEASTERN MILK ) | |
| ANTITRUST LITIGATION ) | |
| ) | Master File No. 2:08-MD-1000 |
| ) | |
| THIS DOCUMENT RELATES TO: ) | Judge J. Ronnie Greer |
| *Sweetwater Valley Farm, Inc., et al. v.* ) | |
| *Dean Foods Co., et al., No. 2:07-CV 208.* ) | |
| ) | |

**ORDER**

This matter came before the Honorable J. Ronnie Greer, United States District Judge, on Plaintiffs' Motion for Final Approval of Class Action Settlements with Dean, SMA, and Baird ("Final Approval Motion").

WHEREAS, a class litigation is pending before the Court entitled *In re Southeastern Milk Antitrust Litigation*, Master File No. 2:08-md-1000;

WHEREAS, the Court has received and reviewed the Settlement Agreements entered into between the Settlement Class Members on the one hand, and Defendants Dean Foods Co., Southern Marketing Agency, Inc., and James Baird (collectively, "Settling Defendants") on the other hand, and has considered the terms of the proposed settlements set forth therein (collectively, the "Settlements");

WHEREAS, all terms used herein shall have the same meanings as set forth in the Settlements, unless otherwise defined herein;

WHEREAS, on July 27, 2011, the Court entered its order preliminarily approving the

settlement of this class action as between the Settlement Class Members and SMA and Baird;

WHEREAS, on February 14, 2012, the Court entered its order preliminarily approving the settlement of this class action as between the Settlement Class Members and Dean (as well as the Settlement Class Members and SMA, and Baird), and setting a date and time for a fairness hearing to consider whether the Settlements should be finally approved by the Court pursuant to Rule 23(d) of the Federal Rule of Civil Procedure as fair, adequate, and reasonable (the "Preliminary Approval Order");

WHEREAS, the Court later directed that all Settlement Class Members be given notice of the Settlements, and approved the form and method of notice, and of the date for the final fairness hearing;

WHEREAS, the Court has received a declaration of Charlene Young attesting to the dissemination of notice by U.S. Mail and publication of the notice in Hoard's Dairyman's in accordance with the Preliminary Approval Order;

WHEREAS, the Court entered a Class Certification Order on September 7, 2010 (Dkt No. 934) certifying two subclasses pursuant to Rule 23 of the Federal Rules of Civil Procedure – an Independent Farmer Subclass and a DFA Farmer Subclass; thereafter, the Court decertified the DFA Farmer Subclass finding an interclass conflict; and subsequently re-certified the DFA Farmer Subclass for settlement purposes on February 12, 2012 (Dkt No. 1782) finding that the interclass conflict had been cured;

WHEREAS, the Court having considered all timely filed objections to the Settlement; and

WHEREAS, the Court having conducted a final fairness hearing on May 15, 2012 (the "Fairness Hearing"), and having considered the arguments presented, all papers filed, and all

proceedings had therein:

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

1. The Court has jurisdiction over the subject matter of this action, all Settlement Class Members and all Defendants.

2. In accordance with Rule 23(d) of the Federal Rules of Civil Procedure and the requirements of due process, all members of the Settlement Class have been given proper and adequate notice of the Settlement. Based upon the evidence submitted by the parties to the Settlement Agreements, the Agreements, the arguments of counsel, and all the files, records, and proceedings in this case, the Court finds that the notice and notice methodology implemented pursuant to the Settlement Agreements and the Court's Preliminary Approval Order (a) constituted the best practicable notice under the circumstances; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the litigation, class counsel's request for payment of attorneys' fees, expenses and incentive payments from the settlement proceeds, the right of members of the Settlement Class to object to the Settlements and request for attorneys' fees, expenses and incentive payments, and the right of members of the Settlement Class to appear at the Fairness Hearing; (c) were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to notice; and (d) met all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law.

3. The Settlement Agreements in this action warrant final approval pursuant to Rule 23(e) of the Federal Rules of Civil Procedure because they are fair, adequate, and reasonable to those they affect; they resulted from vigorously contested litigation, discovery and motion practice and extensive good-faith arm's length negotiations between the parties; and they are in the public

interest. In making this determination, the Court has considered and balanced many factors, including the following factors identified by the Sixth Circuit Court of Appeals:

> (a) the likelihood of success on the merits weighed against the amount and
> form of relief of the settlement;
>
> (b) the complexity, expense and likely duration of the litigation;
>
> (c) the opinions of class counsel and class representatives;
>
> (d) the amount of discovery engaged in by the parties;
>
> (e) the reaction of absent class members;
>
> (f) the risk of fraud or collusion; and
>
> (g) the public interest.

*See Int'l Union, United Auto. Aerospace & Agric. Implement Workers of Am. v. GMC*, 497 F.3d 615, 632 (6th Cir. 2007).

4. The Final Approval Motion is hereby GRANTED, and the Settlement Agreements are hereby APPROVED as fair, reasonable, adequate, and in the public interest, and the terms of the Settlement Agreements are hereby determined to be fair, reasonable, adequate, and for the exclusive benefit of the Settlement Class Members. The Parties to the Agreements are directed to consummate the Agreements in accordance with their terms.

5. The Court FINDS that the following Settlement Subclasses meet the requirements of Fed. R. Civ. P. 23(a) and 23(b)(3) and such certification is hereby made final:

> ***Independent Dairy Farmer and Independent Cooperative Member Subclass.***
> All independent dairy farmers and independent cooperative members (whether individuals or entities) who produced Grade A milk within Orders 5 or 7 and sold Grade A milk directly or through an agent to Defendants or Co-Conspirators in Orders 5 or 7 during any time from

4

> January 1, 2001 to the present. The terms "independent dairy farmer" and "independent cooperative member" refer to Southeast dairy farmers who were not members of DFA at the time of their Grade A milk sales.
>
> DFA Member Dairy Farmer Subclass. All DFA members (whether individuals or entities) who produced Grade A milk within Orders 5 or 7 and sold Grade A milk directly or through an agent to Defendants or Co-Conspirators in Orders 5 or 7 during any time from January 1, 2001 to the present. The term "DFA member dairy farmer" refers to Southeast dairy farmers who were members of DFA at the time of their Grade A milk sales.

6. The Court APPROVES payment of the Settlement Amounts in accordance with the terms of the Settlement Agreements.

7. The Litigation as between the Settlement Class Members on the one hand, and Settling Defendants on the other hand, is DISMISSED WITH PREJUDICE and without costs to any Party, other than as specified in the Settlement Agreements.

8. In consideration of the consideration in the Settlement Agreements, and for other good and valuable consideration, each of the Settlement Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Settling Defendants, shall have covenanted not to sue any of the Settling Defendants with respect to all Released Claims, and shall be permanently barred and enjoined from instituting, commencing, prosecuting, or asserting any such Released Claims against any of the Settling Defendants.

9. Each Named Plaintiff shall have expressly waived, and each of the Settlement Class Members shall be deemed to have waived, and by operation of this Order and the Final Judgment shall have waived, any and all provisions, rights, and operation of this Order and the Final Judgment shall have waived, any and all provisions, rights, and benefits conferred by any law of any state or

territory of the United States or any principle of common law or foreign law, that is similar, comparable, or equivalent in effect to California Civil Code § 1542 and § 20-7-11 of the South Dakota Codified Laws or that would otherwise act to limit the effectiveness or scope of the releases. Named Plaintiffs and the Settlement Class Members expressly acknowledge that they may hereafter discover facts in addition to or different from those that any of them or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims or otherwise, but upon the Effective Date each Plaintiff shall expressly have, and upon the Effective Date, each Settlement Class Member shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, reckless, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, that could have been asserted with respect to the subject matter of the Released Claims. Named Plaintiffs acknowledge, and the Settlement Class Members shall be deemed to have acknowledged, and by operation of this Order and the Final Judgment shall have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlements of which this release is a part.

10. The Final Judgment to be entered by the Clerk is the Final Judgment in the suit as to all Released Claims.

11. Those persons or entities eligible for membership in the Settlement Class who timely submitted valid requests for exclusion are not bound by this Judgment, and are not entitled to any

recovery from the settlement proceeds obtained through the Settlements.

12. Without affecting the finality of this Order and the Final Judgment in any way, this Court retains jurisdiction over (a) implementation of the Settlement and the terms of the Agreement; (b) distribution of the Class settlement amounts, the Class Representative incentive payments, the attorneys' fees and costs amount; and (c) all other proceedings related to the implementation, interpretation, administration, consummation, and enforcement of the terms of the Agreement and the Settlement, and the administration of Claims submitted by Settlement Class Members. The time to appeal from the Judgment shall commence upon its entry.

13. This Court finds that there is no just reason for delay and expressly directs Judgment as to the Settling Defendants and immediate entry by the Clerk of the Court.

So ordered.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE