IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| IN RE SOUTHEASTERN MILK ANTITRUST LITIGATION | ) )  Master File No. 2:08-MD-1000 ) ) Judge J. Ronnie Greer |
| THIS DOCUMENT RELATES TO: | ) ) |
| *Sweetwater Valley Farm, Inc., et al. v. Dean Foods, et al.*, No. 2:07-CV-208 | ) ) ) |

**ORDER**

Upon consideration of Dairy Farmer Plaintiffs' Motion for Expedited Preliminary Approval of Proposed Settlement with Defendants Dairy Farmers of America, Inc., Dairy Marketing Services, LLC, Mid-Am Capital LLC, National Dairy Holdings, LP, and Gary Hanman ("Motion") [Doc. 1922], it is hereby ORDERED as follows:

1. The Motion is GRANTED.

2. The Court finds that the proposed settlement between Plaintiffs Sweetwater Valley Farm, Inc., Barbara Arwood and Victor Arwood d/b/a VBA Dairy, Jeffrey P. Bender, Randel E. Davis, Farrar & Farrar Dairy, Inc., Fred Jaques, John M. Moore, D.L. Robey Farms, Robert D. Stoots, Virgil C. Willie, Thomas R. Watson, James D. Baisley and Eva C. Baisley d/b/a Baisley Farms, Stephen J. Cornett, Payne Dairy, and Jerry L. Holmes (collectively "Plaintiffs"), and Defendants Dairy Farmers of America, Inc., Dairy Marketing Services, LLC, Mid-Am Capital LLC, National Dairy Holdings, LP, and Gary Haman (Settling Defendants), as set forth in their Settlement Agreement attached as Exhibit B to the Motion, and subject to final determination following proper notice and a fairness hearing, is sufficiently fair, reasonable and adequate to authorize dissemination of notice to the Class.

3. The Court approves the form and content of the Notice of Proposed Settlement ("Notice") and Summary Notice of Proposed Settlement ("Summary Notice"), attached to the Motion as Exhibit C and D, respectively.

4. The Court finds that the mailing and publication of the Notice and Summary Notice, respectively, in the manner set forth herein constitute the best notice practicable under the circumstances, are due and sufficient notice to all persons entitled thereto and comply fully with the requirements of Federal Rule of Civil Procedure 23 and the due process requirements of the Constitution of the United States.

5. Within ten (10) days after the date of this Order, the Notice shall be mailed by first class U.S. Mail, postage prepaid, to all potential members of the Class whose identities and locations are reasonably ascertainable, which may be satisfied by sending the Notice to the 7,452 addresses of potential class members compiled by Plaintiffs and refined by the class action administrator, plus any additional identified potential class members. In addition, the Summary Notice shall be published in the next available issue of *Hoard's Dairyman.* Plaintiffs also shall post the Motion, the Settlement Agreement, the Notice, and this Order on the class action website maintained by the Claims Administrator.

6. No additional opt-out period is warranted or required by Rule 23(e)(4) of the Federal Rules of Civil Procedure.

7. Any person who timely requested exclusion from the Class may apply to the Court to be reinstated to the Class (opt back in) for the purpose of participating in the proposed settlement with Settling Defendants, provided such application is delivered to the Claims Administrator at least fourteen (14) days prior to the Fairness Hearing and otherwise complies with the requirements set

forth in the Notice.

8. Any member of the Class who objects to the settlement with Settling Defendants must do so in writing. The objection must include the caption of this case, be signed, and be filed with the Court no later than fourteen (14) days prior to the Fairness Hearing and shall otherwise comply with the requirements set forth in the Notice. The objection must also be delivered to Class Counsel and counsel for Settling Defendants no later than fourteen (14) days prior to the Fairness Hearing. Any response to timely, completed objections must be filed with the Court and served no later than seven (7) days prior to the Fairness Hearing.

9. Any Class Member who wishes to be eligible for a payment as a result of the Settlement, including anyone seeking to opt back in, must file a claim no later than fourteen (14) days before the Fairness Hearing.

10. No later than seven (7) business days prior to the Fairness Hearing, Class Counsel shall file with the Court, and serve upon counsel for Settling Defendants, affidavits or declarations of the person under whose general direction the mailing of the Notice and the publication of the Summary Notice were made, showing that mailing and publication were made in accordance with this Order. Class Counsel shall also identify all requests to be reinstated to the Class in this filing.

11. The Court will convene a hearing (the "Fairness Hearing") on April 3, 2013, at 10:00 a.m. in Courtroom 420 at the James H. Quillen United States Courthouse in Greeneville, Tennessee, to consider (a) whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate to and in the best interests of the Class, and whether Judgment should be entered dismissing the Released Claims on the merits and with prejudice; and (b) whether to approve any application by Class Counsel for an award of attorneys' fees, payment of costs and expenses, and

incentive awards to the Class Representatives. Any Class Member who follows the procedure set forth in the Notice may appear and be heard at the Fairness Hearing. The Fairness Hearing may be continued without further notice to the Class.

12. Any Class Member who seeks to appear and be heard at the Fairness Hearing shall, no later than fourteen (14) business days prior to the Fairness Hearing, send a letter with that request to the Clerk of the Court, Class Counsel, and counsel for the Settling Defendants.

13. The Court approves the establishment of the Settlement Fund, as set forth in Section 7 of the Settlement Agreement, as a "Qualified Settlement Fund" pursuant to Treas. Reg. § 1.468B-l. The Court retains continuing jurisdiction over any issues regarding the formation or administration of the Settlement Fund. Class Counsel and their designees are authorized to use up to $100,000 of the Settlement Fund to give notice of the Settlement to Class members and for settlement administration costs, up to $10,000 of the Settlement fund for escrow agent costs, and such amount of the Settlement Fund as is required to pay taxes on income earned on the Settlement Fund, with prior notice to Settling Defendants. No other disbursements shall be made from the Settlement Fund prior to the Effective Date, as defined in the Settlement Agreement, and then only upon approval and order of the Court.

14. Rust Consulting, Inc. is appointed as Claims Administrator for purposes of notice and administration of the settlement with Settling Defendants. JPMorgan Chase Bank, National Association shall serve as the escrow agent in connection with the Settlement Fund described in Section 7 of the Settlement Agreement.

15. Plaintiffs and Class Members are preliminarily enjoined from the initiation, commencement or prosecution of any Released Claim against any of the Settling Defendants or

4

Gerald Bos ("Releasing Parties").

16. All proceedings against Settling Defendants, except those proceedings provided for or required by the Settlement Agreement, are STAYED until further order of the Court.

17. All capitalized terms used in this Order shall have the meanings set forth in the Settlement Agreement.

So ordered.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE