**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**
**GREENEVILLE DIVISION**

| | | |
|---|---|---|
| | ) | |
| **IN RE SOUTHEASTERN MILK** | ) | |
| **ANTITRUST LITIGATION** | ) | **Master File No. 2:08-MD-1000** |
| | ) | |
| | ) | **Judge J. Ronnie Greer** |
| **THIS DOCUMENT RELATES TO:** | ) | |
| | ) | |
| *Sweetwater Valley Farm, Inc., et al. v.* | ) | |
| *Dean Foods, et al.*, No. 2:07-CV-208 | ) | |
| | ) | |

**[PROPOSED] ORDER AUTHORIZING THE SECOND DISTRIBUTION**
**OF DEAN SETTLEMENT FUNDS AND APPROVING PAYMENT OF**
**CLAIMS ADMINISTRATOR FEES AND EXPENSES**

Upon consideration of Dairy Farmer Plaintiffs' Motion for an Order Approving and

Authorizing the Second Distribution of the Dean Settlement Funds, Response to Letters Filed by

A.C. Knight, Nathan Roth, and Norris Sloan, and Application for Claims Administrator Fees and

Expenses ("Motion"):

WHEREAS this Court has jurisdiction over all proceedings related to the

implementation, interpretation, administration, consummation, and enforcement of the terms of

the Dean settlement agreement and the administration of claims submitted by class members

pursuant to Fed. R. Civ. P. 23;

WHEREAS this Court previously appointed Rust Consulting ("Rust") to serve as claims

administrator and determined that notice of the Dean settlement was properly and adequately

disseminated in accordance with Fed. R. Civ. P. 23 and due process requirements;

WHEREAS, on January 8, 2013, this Court approved Plaintiffs' plan to distribute the

Dean settlement funds to eligible claimants according to each eligible claimant's *pro rata* share

of the Dean settlement funds ("Distribution Plan") and authorized the distribution of the proceeds from the initial Dean settlement payment to the eligible class members, and Rust subsequently distributed the initial Dean settlement funds according to the Distribution Plan;

WHEREAS, Dean has made a second settlement payment that Plaintiffs presently seek to distribute to the eligible class members consistent with the previously approved Distribution Plan, with certain adjustments set out below to account for claim information received after the Plan was approved and the initial Dean settlement payment proceeds were distributed;

WHEREAS, this Court has reviewed the process and preparation by Rust and class counsel for the distribution of the second Dean settlement payment proceeds, as described in the July 30, 2013 Affidavit of Charlene Young ("Young Affidavit") and Plaintiffs' Motion, and now orders that the second Dean settlement funds shall be distributed.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1. The procedures used and actions taken by Rust and class counsel to process claims, administer the second Dean settlement payment, and resolve issues and disputes with claimants are fair, reasonable, and adequate and are hereby adjudged to have been proper, complete, and in accordance with the Court's Orders of July 28, 2011, February 14, 2012, June 15, 2012, and January 8, 2013.

2. Plaintiffs' proposal to distribute the proceeds from the second Dean settlement payment according to the claimants' *pro rata* shares of class eligible milk volume based on each claimant's reported production of class-eligible milk as calculated and determined by Rust and specified in Exhibit B-1 to the Young Affidavit is approved as fair, reasonable, and adequate;

3. An adjustment to the Distribution Plan is approved so that the claimants whose claim forms were not processed by Rust, listed in Exhibit B-2 to the Young Affidavit, will

2

receive Dean settlement payments in the amounts they would have received if their claim forms had been timely processed and included in the Distribution Plan;

4.      An adjustment to the Distribution Plan is approved so that the the claimants who understated their milk volume, listed in Exhibit B-3 to the Young Affidavit, will receive proceeds from the second and subsequent Dean settlement payments based on actual class eligible milk volumes;

5.      An adjustment to the Distribution Plan is approved so that the the claimants whose claim forms were excluded because they appeared to be duplicates, listed in Exhibit B-4 to the Young Affidavit, will receive Dean settlement payments in the amounts they would have received if their claim forms had been timely processed and included in the Distribution Plan;

6.      An adjustment to the Distribution Plan is approved so that the claimants who withdrew their claim forms, listed in Exhibit B-5 to the Young Affidavit, will receive Dean settlement payments in the amounts they would have received if their claim forms had been timely processed and included in the Distribution Plan;

7.      An adjustment to the Distribution Plan is approved so that the claimants who submitted claim forms after the applicable deadline, listed in Exhibit B-6 to the Young Affidavit, will receive proceeds from the second and subsequent Dean settlement payments;

8.      An adjustment to the Distribution Plan is approved so that the claims submitted by ineligible members of the DFA and/or SMA board of director, listed in Exhibit B-7 to the Young Affidavit, will not receive proceeds from the second or subsequent Dean settlement payments;

9.      The claims listed in Exhibit B-8 to the Young Affidavit are disallowed for failure to respond to Rust's audit requests prior to the Court's approval of the initial distribution plan;

3

10. Rust is authorized to effect the payment and distribution of the proceeds from the second Dean settlement payment directly to the eligible claimants listed in Exhibit B-1 and in the *pro rata* portions specified in Exhibit B-1 to the Young Affidavit;

11. Consistent with the settlement escrow agreements approved by the Court (*see, e.g.,* 7/19/11 Order, Dkt. 1655), class counsel at Baker & Hostetler LLP are authorized to direct JPMorgan Chase Bank (the "Escrow Agent") to transfer the Net Settlement Amount of $12,067,357.08, which is the total amount of funds from the second Dean settlement payment with interest, net the attorneys' fees previously approved by the Court, and the Escrow Agent's fees and Rust's fees, expenses, and reimbursements, to the bank account designated by Rust in the escrow agreements to facilitate its distribution of the funds to the eligible class members;

12. Consistent with the escrow agreements and the Court's previous Order awarding attorneys' fees (*see* 7/19/11 Order, Dkt. 1655; 7/11/12 Order, Dkt. 1897), class counsel at Baker & Hostetler LLP are authorized to direct the Escrow Agent to disburse attorneys' fees in the amount of $6,666,666.66, which is the proportional amount of the attorneys' fee awarded from the second Dean settlement payment, to the bank account designated by Baker & Hostetler LLP in the escrow agreements to facilitate Baker & Hostetler LLP's distribution of the attorneys' fees among counsel;

13. Rust may be paid $364,476.54 out of the funds from the second Dean settlement payment allocated as follows: (a) payment of $10,000.00 to Rust as reimbursement for its payment of a class representative incentive award approved after the initial Dean payment funds had been distributed; (b) payment of $75,358.39 to Rust as reimbursement for it paying the two claims (listed in Exhibit B-2) which inadvertently were not processed by Rust; (c) payment of $72,184.19 to Rust for distribution as "make up" payments to the claimants (listed in Exhibits B-

4

4 and B-5) who did not receive proceeds from the initial Dean settlement payment; and (d) payment of $206,933.96 to Rust for its services and expenses to date in administering the Dean settlement and claims processes as explained in the Young Affidavit; and

14.     The Court reserves jurisdiction over all matters relating to the distribution of the Dean settlement funds.

So ordered.

ENTER:

UNITED STATES DISTRICT JUDGE