September 13, 2013

The Honorable J. Ronnie Greer
220 West Depot Street, Suite 200
Greenville, TN 37743

    Re:    Nathan Roth
            2:08-MD-01000

Dear Judge Greer:

    I do not know whether you have made a decision as to whether you had included or excluded me as a Class Member in the above reference case. It is my understanding that Rust Consulting is requesting to exclude me from the Dean Foods Settlement contending I am a "dairy farmer board member of DFA and/or SMA" Please be advised that I have never been an officer or director of either entity. Therefore, I am being wrongfully excluded.

    For your consideration, I enclose the following documents that, after a simple review, will reveal that I have never served as a current or former board member of either above-mentioned entities. This information confirms that I have never voted. I have never been compensated for attending any meeting. In fact, I have never attended any board meetings. The below documents unambiguously detail the individuals who should be excluded.

1. Articles of Incorporation I obtained from the Kentucky Secretary of State's Office;

2. Annual Registrations that identify Directors and Officers I obtained from the Kentucky Secretary of State's Office;

3. By-Laws that do not designate farmers that have been designated alternate members of the board of directors as a part of officers and directors;

4. Relevant Meeting Minutes proving that I have never acted in the position as a board member.

    I am a dairy farmer who produced Grade A milk within Orders 5 or 7 and sold Grade A milk through DFA. In January of 2011 and January of 2012, I was appointed to serve, should the need arise, as an alternate board of directors member. In my case, the need never arose. This designation only qualifies me as a board member in the absence of the regularly scheduled board member. The Bylaws at Tab 3 states in pertinent part as follows:

> (a) Each cooperative which is or becomes a member of Southern Marketing Agency, Inc. shall be entitled annually to nominate its board member or members and those who *may* serve as alternate directors in the absence of the regularly designated director... (emphasis added)

      By simply reviewing the material enclosed, it is clear I have never served in the capacity as a member of the board of directors contemplated by the written exclusion. Clearly, my designation to serve as an alternate board member, on its own does not conflict with the interests of other class members. I did not attend board meetings and was not privy to any of the information shared during any proceedings. To exclude me as a class member would be arbitrary and inequitable. Please reconsider your position and designate me as a class member.

                                       Sincerely,

                                       Nathan Roth

Enclosures