0533081.09  Pcraine NAO!

John Y. Brown III
Secretary of State
Received and Filed
03/15/2002 03:04 PM
Fee Receipt: $6.00

# ARTICLES OF INCORPORATION OF SOUTHERN MARKETING AGENCY, INC.

The undersigned do hereby adopt and execute these Articles of Incorporation pursuant to Sections 272.1001 through 272.345 of the Kentucky Revised Statutes, for the purpose of forming an association within the meaning thereof.

## ARTICLE I
### *Name of Association*

The name of the association is Southern Marketing Agency, Inc. (hereinafter called the "Association").

## ARTICLE II
### *Purposes and Powers*

1. The nature of the business and the purposes and objects for which the Association is formed are as follows:

   (a) To operate on a cooperative basis without profit to the Association, for the mutual benefit of its members and patrons and to act as an agent in common for its members in marketing and bargaining for the sale of agricultural milk products of every kind and description, and to purchase and sell such products, including any milk and/or other dairy or related products produced or delivered to it by its members;

   (b) To engage in any activity in connection with the production, marketing, selling, harvesting, preserving, drying, processing, canning, packaging, grading, storing, handling or utilization of any agricultural products produced or delivered to it by its members and others; or the manufacturing or marketing of the by-products thereof, or in connection with the purchase, hiring or use by its members and others of supplies, machinery or furnishing services of economic or educational nature; or in any one or more of the activities specified herein;

   (c) To act as agent, broker, attorney-in-fact or representative of any members or others, in any of the activities referred to in subparagraph (b) of paragraph 1 hereof;

   (d) To borrow money without limitation as to amount of indebtedness, and to make advances to members and others;

   (e) To acquire, hold, own and sell, transfer, pledge or guarantee the payment of dividends or interest on, or in, the retirement or redemption of shares of the capital stock or bonds of any association or corporation;

   (f) To establish and accumulate reasonable reserves;

(g)  To buy, hold and exercise all privileges of ownership over such real or personal property as is necessary or convenient for the conduct and operation of, or incidental to, the business of the Association;

(h)  To do each and every thing necessary, suitable or proper for the accomplishment of any one or more of the purposes, or the attainment of any one or more of the objectives herein enumerated; or conducive to or expedient for the interest or benefit of the Association; and to contract accordingly; and to exercise and possess all powers, rights and privileges necessary or incidental to the purposes for which the Association is organized or to the activities in which it is engaged; and in addition, any other rights, powers and privileges granted by the laws of this state to corporations generally, except such as are inconsistent with the express provisions of KRS 272.1001, 272.101 to 272.345, and to do any such thing anywhere; and

(i)  To sue and be sued in its corporate name.

2.  It is intended that Sections 1(a) through (i) of this Article II shall be construed as powers as well as objects and purposes; and, generally, that the Association shall be authorized to exercise and enjoy all other powers, rights and privileges granted to associations organized under Sections 272.1001 through 272.345 of the Kentucky Revised Statutes or any acts amendatory or supplemental thereto; and that the enumeration herein of certain powers is not intended as exclusive of, or a waiver of, any of the powers, rights and privileges granted or conferred by such statues now or hereafter in force.

3.  Notwithstanding the provisions of the foregoing sections of this Article II, the Association shall not (a) deal in or market the products of non-members in an amount, the value of which exceeds the value of the products handled or marketed for members; and (b) purchase supplies and equipment for non-members in an amount, the value of which exceeds the value of supplies and equipment purchased for members. Business done for the United States or any of its agencies shall be disregarded in determining the limitations imposed by this paragraph.

## ARTICLE III
### Office and Registered Agent

1.  The place where the Association's principal business will be transacted is 13002 Honeysuckle Way, Prospect, Kentucky 40059.

2.  The Registered Office of the Association in Kentucky is located at 1812 Waterfront Plaza, 325 West Main Street, Louisville, KY 40202- 4251; and the Association's Registered Agent in Kentucky is Joseph M. Day, an attorney having a business office at 1812 Waterfront Plaza, 325 West Main Street, Louisville, KY 40202- 4251.

2

## ARTICLE IV
### *Duration*

The period or duration of the Association is perpetual.

## ARTICLE V
### *Directors*

The number of directors of the Association shall be not less than five (5), the number thereof to be established as provided in the Bylaws of the corporation. The term of office of each director shall be one year and until his successor is duly elected and qualified, unless the Bylaws of the Association provide for longer terms of office not in excess of three (3) years. The term of office of each of the directors may be staggered with that of other directors so that approximately one-third (1/3) of the Board of Directors may be subject to election each year if so provided by the Bylaws of the Association.

The names and addresses of the persons who are to serve as directors for the first term and until their successors are duly elected and qualified are as follows:

| | |
|---|---|
| William Smith<br>4791 Tippitt Road<br>Carlisle, AR 72039 | (From Arkansas Dairy Cooperative Association, Inc.) |
| Buckey M. Jones<br>6755 A Thompson Road<br>Smithdale, MS 39664 | (From Dairy Farmers of America, Inc.) |
| Joe Parsley<br>Rt. 3, Box 915<br>Troup, TX 75789 | (From Lone Star Milk Producers, Inc.) |
| John D. Hardesty<br>1458 Longmarsh Road<br>Berryville, VA 22611 | (From Maryland & Virginia Milk Producers Cooperative Association, Inc.) |
| P. JosephWright<br>P.O. Box 1057<br>Avon Park, FL 33826 | (From Southeast Milk, Inc.) |

3

## ARTICLE VI
*Membership*

This Association shall not have any capital stock, and it shall admit applicants to membership upon such uniform conditions as may be prescribed in its Bylaws or by its Board of Directors. Membership shall be limited to lawfully organized cooperative associations of agricultural producers meeting the provisions of the Capper-Volstead Act, 7 U.S.C. § 291, as the same may now or hereafter be amended. The Association shall be operated on a cooperative basis for the mutual benefit of its members who shall patronize the Association. The voting rights of the members shall be equal, and no member shall have more than one vote, but the Bylaws of this Association may provide that such members may vote upon any and all questions on a patronage basis. The property rights and interests of each member shall be unequal, but in determining property rights and interests all amounts allocated to each patron or evidenced by certificates of any kind shall be excluded, and upon dissolution, the equity interest of members and patrons shall be determined as provided in the Bylaws. New members admitted to membership shall be entitled to share in the property of the Association in accordance with the foregoing general rules.

## ARTICLE VII
*Names and Addresses of Incorporators*

The names and addresses of the incorporators are as follows:

Arkansas Dairy Cooperative Association, Inc.
P.O. Box 507
Damascus, AR 72039

Dairy Farmers of America, Inc.
P.O. Box 909700
Kansas City, MO 64190-9700

Lone Star Milk Producers, Inc.
Route 1, Box 58 B
Windthorst, TX 76389

Maryland & Virginia Milk Producers Cooperative Association, Inc.
1985 Isaac Newton Square West
Reston, VA 20190

Southeast Milk, Inc.
P.O. Box 3790
Belleview, FL 34421

4

## ARTICLE VIII
### *Indemnification of Directors, Officers, Employees or Agents*

The Association shall indemnify any and all of its directors, officers, employees or agents or former directors, officers, employees or agents against claims, liabilities, expenses and costs actually and necessarily incurred by him or his estate in connection with, or arising out of, any action in which he is made a party by reason of his being, or having been, an officer, director, employee or agent, if he acted in good faith and in a manner he reasonably believed to be in or not opposed to the best interests of the Association, and with respect to any criminal action or proceeding, had no reasonable cause to believe his conduct was unlawful; provided the right of indemnification herein provided for shall also apply in respect to any amount paid in compromise of any such claim asserted against such director, officer, employee or agent (including expenses and costs actually and necessarily incurred in connection therewith), provided the Board of Directors of the Association shall have first approved such proposed compromise settlement and determined that the director, officer, employee or agent involved was acting in good faith and in a manner he reasonably believed to be in or not opposed to the best interests of the Association.

IN TESTIMONY WHEREOF, the undersigned incorporators have subscribed these Articles of Incorporation as follows:

*[REMAINDER OF PAGE INTENTIONALLY BLANK]*

5

ARKANSAS DAIRY COOPERATIVE ASSOCIATION, INC.

By: /s/ _____
President

Attest: /s/ _____
Secretary/Assistant Secretary

STATE OF __Arkansas__ )
) SS:
COUNTY OF __Searcy__ )

  The foregoing Articles of Incorporation were acknowledged before me this __14__, day of March, 2002 by Arkansas Dairy Cooperative Association, Inc., a cooperative corporation organized and existing under the laws of the State of __Arkansas__, one of the incorporators as herein above set forth, through Jame W (Bill) Smith, its President, and Mark Halsted, its Secretary or Assistant Secretary, its duly authorized officers, authorized so to do.

My commission expires: __Aug 15, 2011__

/s/ Gina King
Notary Public

(Notarial Seal)

**DAIRY FARMERS OF AMERICA, INC.**

By: *[signature]*
President

Attest: *[signature]*
~~Secretary~~/Assistant Secretary

STATE OF __MISSOURI__ )
) SS:
COUNTY OF __PLATTE__ )

  The foregoing Articles of Incorporation were acknowledged before me this __7th__, day of March, 2002 by Dairy Farmers of America, Inc., a cooperative corporation organized and existing under the laws of the State of __Kansas__, one of the incorporators as herein above set forth, through __Gary Hanman__, its President, and __David A. Geisler__, its Secretary or Assistant Secretary, its duly authorized officers, authorized so to do.

My commission expires: _____

*[signature]*
Notary Public

MARSHA A. IRWIN
NOTARY PUBLIC STATE OF MISSOURI
CLAY COUNTY
MY COMMISSION EXP. OCT 3, 2003

(Notarial Seal)

LONE STAR MILK PRODUCERS, INC.

By: *Jim Baird*
President

Attest: *Jason Baird*
Secretary/Assistant Secretary

STATE OF __Texas__ )
) SS:
COUNTY OF __Jack__ )

The foregoing Articles of Incorporation were acknowledged before me this __11__, day of March, 2002 by Lone Star Milk Producers, Inc., a cooperative corporation organized and existing under the laws of the State of __Texas__, one of the incorporators as herein above set forth, through __Jim Baird__, its President, and __Jason Baird__, its Secretary or Assistant Secretary, its duly authorized officers, authorized so to do.

My commission expires: __September 21, 2004__

*Karen Henry*
Notary Public

KAREN S. HENRY
Notary Public, State of Texas
My Commission Expires
September 21, 2004

(Notarial Seal)

MARYLAND & VIRGINIA MILK PRODUCERS COOPERATIVE ASSOCIATION, INC.

By: _John D. Hardesty_
President

Attest: _Allen K. O'Hare_
Secretary/Assistant Secretary

STATE OF _Virginia_ )
) SS.
COUNTY OF _Fairfax_ )

The foregoing Articles of Incorporation were acknowledged before me this _12th_ day of March, 2002 by Maryland & Virginia Milk Producers Cooperative Association, Inc., a cooperative corporation organized and existing under the laws of the State of _Virginia_, one of the incorporators as herein above set forth, through _John D. Hardesty_, its President, and _Allen K. O'Hare_ its Secretary or Assistant Secretary, its duly authorized officers, authorized so to do.

My commission expires: **My Commission Expires 05/31/04**

_Caryl T. Leavrick_
Notary Public

(Notarial Seal)

**SOUTHEAST MILK, INC.**

By: P. Joseph Wright
President

Attest: Joseph V. Aprile
Secretary/Assistant Secretary

STATE OF Florida )
) SS:
COUNTY OF Marion )

    The foregoing Articles of Incorporation were acknowledged before me this _12th_, day of March, 2002 by Southeast Milk, Inc., a cooperative corporation organized and existing under the laws of the State of _Florida_, one of the incorporators as herein above set forth, through _P. Joseph Wright_, its President, and _Joseph V. Aprile_, its Secretary or Assistant Secretary, its duly authorized officers, authorized so to do.

DEBRA J. MITCHELL
My Comm Exp. 2/26/04
No. CC 883576
[X] Personally Known [ ] Other I.D.

My commission expires:
Debra J. Mitchell
Notary Public

(Notarial Seal)

This Instrument Prepared By:

Joseph M. Day
Joseph M. Day, Esq.
Attorney at Law
325 West Main St., Ste 1812
Louisville, Kentucky 40202

## Consent of Initial Agent for Service of Process to Serve

I, Joseph M. Day, having a principal place of business of 325 West Main Street, Suite 1812, Louisville, Kentucky 40202, hereby agree and consent to serve as registered office and agent for service of process for the above corporation.

_____
Joseph M. Day

DATE: March 15, 2002

11