IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

|  |  |  |
|---|---|---|
| IN RE SOUTHEASTERN MILK ANTITRUST LITIGATION | ) ) ) ) | Master File No. 2:08-MD-1000 |
|  | ) | Judge J. Ronnie Greer |
| THIS DOCUMENT RELATES TO: | ) ) |  |
| *Sweetwater Valley Farm, Inc., et al. v. Dean Foods, et al.*, No. 2:07-CV-208 | ) ) ) |  |

### DFA PLAINTIFFS' SUPPLEMENTAL RESPONSE TO NON-CLASS MEMBER NATHAN ROTH'S UNTIMELY "OBJECTION" LETTERS [DKTS. 1963 & 1967]

In August and September 2013, the Court docketed two letter "objections" from DFA member Nathan Roth which question his ineligibility to participate in the class action settlement with Defendants Dairy Farmers of America, Inc., *et al*. The Court previously ruled that Mr. Roth is ineligible and these untimely "objections" provide no basis for reversal as explained below.

In the first letter, Mr. Roth admits he is an alternative member of Defendant SMA's board of directors, but argues he should not be excluded from the settlement with the DFA Defendants because he never attended or participated in SMA board meetings. (*See* 8/8/13 Roth Ltr., Dkt. 1963.) In the second letter, Mr. Roth again admits he has been an appointed alternate to the SMA board since 2011, and again argues he should not be excluded because he never participated. (*See* 9/13/13 Roth Ltr. at 1, Dkt. 1967.)

The argument by Mr. Roth is a repeat of those already considered and rejected by the Court. Mr. Roth previously submitted letters to the Court and the class administrator which made the same argument. (*See, e.g*., 3/28/13 Roth Ltr., Dkt. 1934.) Other SMA alternate directors also submitted letters making the same argument. (*See, e.g*., 3/11/13 Sloan Ltr., Dkt.

1929.) Plaintiffs' briefing regarding the Dean Foods settlement explicitly addressed the ineligibility of SMA alternative directors, including Mr. Roth:

> In addition, Plaintiffs request that the Court confirm that directors, including alternates, of the DFA or SMA boards continue to be excluded from the subclasses and are not eligible to participate in the settlements. Three years ago, at Defendants' request, the Court modified the class definition to exclude "former and current officers and directors of DFA and SMA…regardless of whether they otherwise satisfy the class criteria." (1/19/11 Order at 14, Dkt. 1255.) The Court's January 8 Order accordingly excluded claim forms submitted by former or current directors of DFA or SMA who evidently disagreed with their lawyers' request to exclude them. (*See* 1/4/13 Motion to Distribute Settlement Funds at 8, Dkt. 1919.)
>
> Two of the excluded directors, Nathan Roth and Norris Sloan, filed letters with the Court arguing they should not be excluded. Mr. Roth's letter claimed he does not "meet any of the criteria for being excluded from the class." (3/28/13 Roth letter, Dkt. 1934.) However, in emails sent to Rust, Mr. Roth admitted he is an alternate member of the SMA board of directors, but claimed he never attended any SMA board meetings or acted as a director. (*See* Exhibit B-10 (collection of communications with Rust))…
>
> The letters from Messrs. Roth and Sloan provide no basis for exempting them from the Court's modified class definition. They are members of the SMA board, regardless of the present "alternate" designation, which results in exclusion from the subclasses. (*See* 1/19/11Order at 14, Dkt. 1255.) Alternate directors do attend the SMA board meetings, as reflected in the meeting minutes. Moreover, deciding which board members should be excluded based on their board position title, attendance, or voting record, as Messrs. Roth and Sloan suggest, would be unworkable. This approach, if adopted, would require Rust, and ultimately the Court, to decide which of the dozens of former and current SMA and DFA board members attended enough meetings to be excluded, voted on subject matters that require exclusion, or otherwise participated on the boards in ways sufficient to support exclusion. The Court's prior ruling excluding directors and officers from the subclasses declined to base class membership on such a factual analysis. (*See id.* at 14-15.)

(7/13/13 Motion for Order Approving and Authorizing Second Distribution of the Dean Settlement Funds at 16-17, Dkt. 1962.) The Court subsequently entered an Order confirming, *inter alia*, members of the SMA board, including alternates, are excluded from the Class and are

not eligible to participate in the settlements. (*See* 8/22/13 Order at ¶ 8, Dtk. 1964.) Mr. Roth's recent letters provide no basis for reversing this Order.

Mr. Roth's letters show no change of law, new evidence, or clear error that would justify reconsideration and reversal of the Court's prior orders. *See, e.g.*, *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004). To the contrary, Mr. Roth's recent letters simply repeat the same argument previously presented to the Court. As such, Mr. Roth's recent letters fail to invalidate the thrust of Plaintiffs' briefing quoted above, *e.g.*, Mr. Roth is an admitted alternate member of the SMA board and deciding which board members should be excluded or not based on their board title, attendance, or voting would be unworkable.

Mr. Roth's argument about his nonparticipation on the SMA board is not relevant and does not support a reversal. The Court did not exclude SMA board members based on their individual attendance or voting records as Mr. Roth suggests. Instead, the Court excluded all members at the request of counsel for Defendants SMA/DFA so they would be able to "forthrightly communicate" about litigation and settlement issues. (1/19/11 Order at 14, Dkt. 1955.) These settlement issues will continue into the future given SMA's agreement to implement structural relief over time (*see* Dkt. 1856 at 2-3 (summarizing SMA settlement agreement)), as reflected in the pending SMA settlement enforcement motion (*see* Dkt. 1954). Because Mr. Roth is an alternate director (as he admits) he could attend SMA board meetings with its lawyers at any time.[1]

Moreover, Mr. Roth has no standing to "object" to the settlement because he is excluded from the Class. *See* Fed. R. Civ. P. 23(e)(5) ("class member may object"). Even if he were a

---

[1] Mr. Roth's August letter concedes alternate directors attend SMA board meetings. (*See* Dkt. 1963.)

3

class member, Mr. Roth's "objections," dated August 8 and September 13, 2013 (*see* Dkts. 1963 and 1967), are more than four (4) months late (*see* 1/22/13 Order at ¶ 8, Dkt. 1923 (setting March 20, 2013 as deadline to object)), which is an additional reason to deny his requests, *see, e.g.,* 4 *Newberg on Class Actions* § 11:56 (objections must comply with "the objection procedure").

Likewise, Mr. Roth's "objection" to the settlement should be overruled because the Court already granted final approval of the settlement and entered final judgment on May 17, 2013. (*See* 8/8/13 Roth Ltr.; 9/24/13 Roth Ltr.) Mr. Roth's request, if granted, would cause chaos and inequity because settlement funds have been distributed and remaining funds would have to be recalculated for the entire Class (delaying forthcoming distributions), and some board members would receive payments while others would not since they did not submit claim forms and/or objections. For reasons such as these, courts routinely reject challenges to settlements after they are approved and judgment entered. *See, e.g., Jordan v. Mich. Conf. of Teamsters Welfare Fund*, 207 F.3d 854, 862-63 (6th Cir. 2000) (class settlement challenge after final judgment denied as untimely); *Yarrington v. Solvay Pharms., Inc.,* 697 F. Supp. 2d 1057, 1064 (D. Minn. 2010) (collecting cases rejecting untimely objections).

Therefore, DFA Plaintiffs respectfully request that the Court deny Mr. Roth's "objections," either by the Proposed Order attached as Exhibit 1 or by granting Plaintiffs' pending motion for approval and authorization to distribute the funds from the settlement with Defendants Dairy Farmers of America, Inc., *et al*. (*See* 11/26/13 Motion, Ex. 1 at ¶ 4.)

4

Case 2:08-md-01000-JRG   Document 1972   Filed 12/10/13   Page 4 of 9   PageID #: 94878

Dated:  December 10, 2013                          Respectfully submitted,

   /s/ Gary E. Brewer, BPR #000942
   Gary E. Brewer, Esq.
   BREWER & TERRY, P.C.
   1702 W. Andrew Johnson Hwy.
   Morristown, TN 37816-2046
   robin@brewerandterry.com
   *Counsel for DFA Subclass*

**CERTIFICATE OF SERVICE**

   I certify that on the 10th day of December, 2013, a true and correct copy of ***DFA Plaintiffs' Supplemental Response to Non-Class Member Nathan Roth's Untimely "Objection" Letters*** was served by operation of the electronic filing system of the U.S. District Court for the Eastern District of Tennessee upon all counsel who have consented to receive notice of filings in the matters styled *In re Southeastern Milk Antitrust Litigation*, MDL No. 1899.

   I further certify that on the 10th day of December, 2013, a true and correct copy of ***DFA Plaintiffs' Supplemental Response to Non-Class Member Nathan Roth's Untimely "Objection" Letters*** was by First Class U.S. Mail, postage prepaid, upon the following:

  Nathan Roth
  4499 Gravel Point Road
  Mountain Grove, MO 65711

            /s/Gary E. Brewer
             Gary E. Brewer

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| IN RE SOUTHEASTERN MILK ANTITRUST LITIGATION | Master File No. 2:08-MD-1000 |
| | Judge J. Ronnie Greer |
| THIS DOCUMENT RELATES TO: | |
| *Sweetwater Valley Farm, Inc., et al.* v. *Dean Foods, et al.*, No. 2:07-CV-208 | |

### [PROPOSED] ORDER

Upon consideration of Nathan Roth's letters requesting that the Court allow Mr. Roth to participate in the class action settlements with the Dairy Farmers of America Defendants (*see* 8/8/13 Roth Ltr., Dkt. 1963; 9/24/13 Roth Ltr., Dkt. 1967):

WHEREAS this Court has jurisdiction over all proceedings related to the implementation, interpretation, administration, consummation, and enforcement of the terms of the settlement with the Dairy Farmers of America Defendants, and the administration of claims submitted by settlement class members pursuant to Fed. R. Civ. P. 23;

WHEREAS the Court has reviewed the letters submitted by Mr. Roth and the supplemental response submitted by the DFA Plaintiffs; and

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

Mr. Roth's request to participate in the settlement with the Dairy Farmers of America Defendants is denied. The previously Court excluded members of the SMA and DFA boards of directors from the Class at the request of counsel for SMA and DFA. *See* 1/19/11 Order at 14, Dkt. 1955. The Court also previously determined that alternate members of the SMA and DFA boards of directors are excluded from the Class certified and not eligible to participate in the

settlements.  *See* 8/22/13 Order at ¶ 8, Dtk. 1964.  Mr. Roth has provided no basis for reversing this Order, as he has not shown any change of law, new evidence, or clear error.  In addition, Mr. Roth's objections to his ineligibility to partipate in the settlement with the Dairy Farmers of America Defendants, dated August 8 and September 13, 2013, are untimely because the deadline for all objections to the settlement was March 20, 2013.  *See* 1/22/13 Order at ¶ 8, Dkt. 1923; see also 4 *Newberg on Class Actions* § 11:56 (objections must comply with "the objection procedure").

    So ordered.

    ENTER:

                                      UNITED STATES DISTRICT JUDGE