# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
### GREENEVILLE DIVISION

|  |  |
|---|---|
| ———————————————— ) | |
| IN RE SOUTHEASTERN MILK ) | |
| ANTITRUST LITIGATION ) | **Master File No. 2:08-MD-1000** |
| ———————————————— ) | |
| ) | **Judge J. Ronnie Greer** |
| **THIS DOCUMENT RELATES TO:** ) | |
| ) | |
| *Sweetwater Valley Farm, Inc., et al. v.* ) | |
| *Dean Foods, et al.*, No. 2:07-CV-208 ) | |
| ———————————————— ) | |

## DAIRY FARMER PLAINTIFFS' MOTION TO ENFORCE THE SMA/BAIRD SETTLEMENT AGREEMENT AND RELATED COURT ORDER

Dairy Farmer Plaintiffs respectfully move the Court to enforce the settlement agreement with Defendants SMA/Baird by requiring that SMA notify farmers of the Dispute Resolution Committee ("DRC") in accordance with the agreement and this Court's related Order.[1]

The settlement agreement, entered in July 2011, established an independent entity, the DRC, charged with investigating complaints of non-compliance with the agreement by SMA/Baird. In ¶ 7.7(m) of the agreement, SMA/Baird agreed that SMA must notify farmers of the DRC. In addition, this Court issued an Order on April 10, 2013 granting Plaintiffs' motion to require SMA to give notice of the DRC, and in 2014 the Court denied a related follow-on motion by SMA seeking to impede the establishment of the DRC. But, despite the agreement's clear terms and the Court's Orders in 2013 and 2014, SMA has continued to fail to effect the required

---

[1] The Court's Order dismissing Plaintiffs' claims against SMA/Baird retained jurisdiction to enforce the SMA/Baird settlement agreement. (*See* 6/15/12 Order, Dkt. 1892). The Court may enforce the agreement and award costs and attorneys' fees without an evidentiary hearing. *See Re/Max Int'l, Inc. v. Realty One, Inc.*, 271 F.3d 633, 646 (6th Cir. 2001) (explaining hearing is not necessary for enforcing unambiguous contract provisions); *Jaynes v. Austin*, 20 Fed. Appx. 421, 428 (6th Cir. 2001) (explaining district courts need not hold hearings before awarding attorneys' fees for breach of settlement agreement).

notice. Plaintiffs attempted on several occasions to resolve these issues with SMA without the need of seeking relief from the Court yet again. Unfortunately, Plaintiffs' efforts were to no avail, thereby necessitating this Motion. Plaintiffs therefore request an Order requiring that SMA notify farmers of the DRC within thirty (30) days.

## I.     BACKGROUND

### A.     The DRC and SMA's Agreement to Effect Notice of the DRC

The SMA/Baird settlement agreement established an independent DRC. (*See* Ex. A, 7/27/11 SMA/Baird settlement agreement at ¶ 7.7(g).) Under the agreement, the DRC has the authority to investigate complaints of possible non-compliance with the agreement (*see id.*), and make and report findings binding on the parties (*see id.* at ¶¶ 7.7(h)-(j)). The DRC consists of three academics experienced in dairy economics. (*See id.* at ¶ 7.7(a).) These academics were selected two years ago. (*See* Ex. B, 11/14/12 Rollins email to Plaintiffs' counsel (confirming Profs. Stephenson, Scott, and Halbrook as the DRC members).)

As apart of establishing the DRC, Paragraph 7.7(m) of the settlement agreement requires that SMA effectuate notice of the DRC to the farmer members of SMA:

> Within sixty (60) days of the establishment of the Dispute Resolution Committee, SMA shall effect notice of its purposes and procedures to the farmer members of the SMA cooperative members.

(Ex. A.) SMA acknowledged that the initial deadline for effectuating the required notice was November 12, 2012. (*See* Ex. B (SMA counsel stating November 12, 2012 "was the date by which SMA had to effect notice pursuant to the Settlement Agreement").) However, the parties agreed to extend the deadline until the Court resolved a related dispute then existing between them (*see id.*) – which, as explained below, was resolved on April 10, 2013.

### B.     Past Motions Concerning SMA/Baird's Efforts to Avoid the DRC

This Court has twice issued Orders concerning SMA's non-compliance with the

settlement agreement's requirements for the DRC.

First, in response to SMA's initial refusal to effect notice of the DRC (and attempt to re-write the agreement's purposes and procedures for the DRC), Plaintiffs moved the Court to confirm that the agreement requires SMA to "effect notice of the [DRC] purposes and procedures." (11/19/12 Plaintiffs' Motion to Enforce SMA/Baird Settlement at 2, Dkt. 1911.) The Court granted Plaintiffs' motion on April 10, 2013, finding that the language of ¶ 7.7(m) "is not ambiguous" and SMA's interpretation of the agreement "defies common sense and is inconsistent with the entirety of the agreement." (Order at 4, Dtk. 1938.)

Second, instead of effecting notice as ordered, SMA turned to manufacturing "issues" to avoid the DRC by filing a June 20, 2013 motion demanding non-existent *ex parte* communaties and arguing the annual retainer SMA agreed to pay the DRC could not be applied to disputes submitted by farmers. (*See* Dkt. 1954.) The Court rejected SMA's arguments in early 2014. (*See* 1/23/14 Order at 3, Dkt. 1979 (denying SMA motion and stating "[i]t is not clear why the Court is being asked through this motion for an unnecessary ruling").)

### C.      SMA's Continued Failure to Effect Notice of the DRC

In the months since the Court's Orders – the first ordering SMA to effectuate the DRC notice as required by the settlement agreement and the second rejecting SMA's efforts to impede the DRC – SMA has continued to fail to effect the required notice.  This is confirmed by the attached declaration of Thomas Watson, one of the Named Plaintiffs and Court-appointed Representatives of the Independent Farmer Subclass.  Mr. Watson is a dairy farmer member of a SMA cooperative – *i.e.*, the farmers who are supposed to be provided DRC information according to the settlement agreement – but he has not received information about the DRC. (*See* Ex. C, 12/30/14 Watson Decl. at ¶ 4.)  Also, as a Representative, Mr. Watson has been informed by many other SMA farmers that they have not received DRC information. (*See id.* at ¶ 5.)

On October 14, 2014, Plaintiffs asked SMA to confirm and provide documents proving that it had effected the DRC notice as required by the settlement agreement. (*See* Ex. D, 10/14/14 Abrams to Rollins email.) SMA refused to provide confirmation. Instead, after a long delay, on December 5, 2014, SMA responded by claiming it instructed unidentified managers of cooperatives to "distribute written notice to their dairy farmer membership" in 2012 and it allegedly "understands" notice was disseminated. (Ex. E, 12/5/14 Rollins to Abrams letter.)

After receiving SMA's letter, Plaintiffs further investigated and remained unable to confirm or locate proof of a DRC notice to farmers, and Plaintiffs further confirmed that SMA cooperative member farmers have <u>not</u> received such information. (*See, e.g.,* Ex. C, Watson Decl. at ¶¶ 4-5.) Moreover, Plaintiffs understand that farmers desire to submit disputes to the DRC but they are unable to do so since SMA has not provided farmers with the basic information about the DRC, such as where or how to submit claims to the DRC. (*See id.* at ¶ 5.)[2]

## II. SMA'S FAILURE TO EFFECT NOTICE OF THE DRC IS IN VIOLATION OF THE SETTLEMENT AGREEMENT AND COURT ORDERS

Kentucky's general law on contract interpretation applies equally to settlement agreements. *See 3D Enters. Contracting Corp. v. Louisville & Jefferson Cty. Metro. Sewer Dist.*, 174 S.W.3d 440 (Ky. 2005). This law recently was summarized as follows:[3]

---

[2] The Court's second Order suggested that a dispute about the DRC "amounts to much fuss about nothing" since "not a single dairy farmer has made any complaint which the DRC must consider, nor is it likely one will ever be made." (1/23/14 Order at 3, Dkt. 1979.) Plaintiffs respectfully submit that **the DRC is an important component of the non-monetary settlement** terms with SMA/Baird and Subclass members relied upon the promised DRC in evaluating and accepting the settlement. **While it is true that no dispute has been submitted to the DRC, this likely is *because SMA has not yet informed farmers as to how or where to submit complaints*, not because farmers lack interest in utilizing the DRC**. (*See, e.g.,* Ex. C, Watson Decl. at ¶¶ 4-5.)

[3] The settlement agreement provides that Kentucky law applies. (*See* Ex. A at ¶ 13.12.)

Under Kentucky law, contract interpretation is a question of law for the Court to determine. *Davis v. Siemens Med. Solutions USA, Inc*., 399 F. Supp. 2d 785, 792 (W.D. Ky. 2005). To interpret a contract, the Court looks to its language to determine the parties' intentions. *See Abney v. Nationwide Mut. Ins. Co*., 215 S.W.3d 699, 703 (Ky. 2006). "Where no ambiguity exists in the contract" the Court looks "only as far as the four corner [sic] of the document to determine that intent." *Id.* Whether the contract is ambiguous is a question of law for the Court to determine. *Id.* "A contract is ambiguous if a reasonable person would find it susceptible to different or inconsistent interpretations."

*Vibro Corp., Inc. v. Conway,* 594 F. Supp. 2d 758, 781-82 (W.D. Ky. 2009) (quoting *Dodd v. Dyke Indus., Inc*., 2008 WL 1884081, at *5 (W.D. Ky. April 28, 2008)).

Here, the Court already determined that ¶ 7.7(m) is not ambiguous. (*See* 4/10/13 Order at 4 (ruling ¶ 7.7(m) "is not ambiguous").) Thus, the Court need only apply a common sense reading of the agreement when enforcing it. *See Kazee v. Rosenberg*, 2011 WL 720822, at *3 (E.D. Ky. Feb. 22, 2011) ("in Kentucky, as in most states, contract language 'should receive a common-sense interpretation'") (quoting *Frisbie v. Bigham Masonic Lodge No. 256*, 118 S.W. 359, 361 (Ky. 1909)).

According to a common sense reading, Paragraph 7.7(m)'s requirement that "SMA shall effect notice…" means that SMA is required to notify farmers about the DRC. This is because the term "effect" means "to make happen" or "to bring about." *Black's Law Dictionary* at 628 (10th ed. 2014); *see also Merriam-Webster's Collegiate Dictionary* at 397 (11th ed. 2003) (defining "effect" to include "to cause to come into being" and "to put into operation").

There is no question that SMA has not made or caused notification of the DRC to farmers as required by the settlement agreement. Paragraph 7.7(m) provides that SMA "effect notice" of the DRC within 60 days of establishment of the DRC. (Ex. A, ¶ 7.7(m).) As even SMA admits, the agreement's initial deadline for effecting notice was November 14, 2012 (*see* Ex. B at 1) – a deadline that the parties agreed to extend until the Court's ruling that occurred on April 10, 2013 (*see id*), and which SMA thereafter attempted to extend further by filing a follow-on motion on

5

June 20, 2013. Even though the Court ruled on the last of these motions in early 2014 (removing any excuse for SMA to wait longer to effect notice), farmers still have not received DRC notices. (*See, e.g.,* Ex. C, Watson Decl. at ¶¶ 4-5.) This is corroborated by SMA's refusal to confirm with straightforward language or otherwise provide proof that notice in fact was given to farmers. (*See* Ex. D, 10/14/14 Abrams to Rollins email (asking for proof); Ex. E, 12/5/14 Rollins to Abrams letter (refusing to confirm or provide proof of notice).)

In addition, there is no question that SMA's failure to effect notice is in violation of the Court's April 10 Order. It granted Plaintiffs' motion requesting that SMA "effect notice of the [DRC] purposes and procedures." (11/19/12 Plaintiffs' Motion to Enforce SMA/Baird Settlement at 2, Dkt. 1911); 4/10/13 Order at 5 (granting "the motion of the Dairy Farmer plaintiffs, [Doc. 1911]"). Contrary to the Court's Order, no notice of the DRC has been provided to farmers.

Finally, SMA's claim, first made on December 5, that it asked unidentified managers to notify farmers is, at best, an an irrelevant excuse. SMA agreed that "*SMA* shall effect notice…" (Ex. A, ¶ 7.7(m) (emphasis added).) According to a common sense reading, SMA is responsible for making the notice happen. *See Black's Law Dictionary* at 628. It is blackletter law that SMA cannot avoid its contractual obligation merely by pointing to unidentified parties that were supposedly asked to provide notice to farmers (but did not do so). *See, e.g.,* RESTATEMENT (SECOND) OF CONTRACTS § 318(3) ("Unless the obligee agrees otherwise, neither delegation of performance nor a contract to assume the duty made with the obligor by the person delegated discharges any duty or liability of the delegating obligor."); *Cobin on Contracts* at § 49.6 (2014) (explaining that an obligor that delegates obligations under a contract remains responsible for performing the obligations unless the obligee otherwise agrees).

In short, SMA agreed to be responsible for notifying farmers of the DRC but no notice has been given even though the deadline for doing so has passed. This failure is in violation of both the settlement agreement and the Court's prior Orders. Consistent with the agreement, SMA should be ordered to notify farmers of the DRC within thirty (30) days.

## III.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request an Order requiring that SMA notify farmers of the DRC within thirty (30) days.[4]

Dated: January 5, 2015                    Respectfully submitted,


                                          /s/ Robert G. Abrams

Thomas C. Jessee, Esq.                    Robert G. Abrams, Esq.
JESSEE & JESSEE                           Robert J. Brookhiser, Esq.
412 East Unaka Ave.                       Gregory J. Commins, Jr., Esq.
Johnson City, TN 37601                    Terry L. Sullivan, Esq.
Tel: (423) 928-7175                       Danyll W. Foix, Esq.
jjlaw@jesseeandjessee.com                 BAKER & HOSTETLER LLP
*Liaison Counsel for Dairy Farmer*        1050 Connecticut Ave., NW, Suite 1100
*Class*                                   Washington, DC 20036
                                          Tel: (202) 861-1500
                                          rabrams@bakerlaw.com
                                          rbrookhiser@bakerlaw.com
                                          gcommins@bakerlaw.com
                                          tsullivan@bakerlaw.com
                                          dfoix@bakerlaw.com
                                          *Counsel for Independent Farmer*
                                          *Subclass*


                                          Gary E. Brewer, Esq.
                                          BREWER & TERRY, P.C.
                                          1702 W. Andrew Johnson Hwy.
                                          Morristown, TN 37816-2046
                                          Tel: (423) 587-2730
                                          robin@brewerandterry.com
                                          *Counsel for DFA Subclass*

---

[4] Plaintiffs reserve the right to request reasonable attorneys' fees and costs associated with this third motion concerning SMA's non-compliance with the settlement agreement.

7

**CERTIFICATE OF SERVICE**

I certify that on the 5th day of January, 2015, a true and correct copy of ***Dairy Farmer Plaintiffs' Motion to Enforce the SMA/Baird Settlement Agreement and Related Court Orders*** was served by operation of the electronic filing system of the U.S. District Court for the Eastern District of Tennessee upon all counsel who have consented to receive notice of filings in the matters styled *In re Southeastern Milk Antitrust Litigation*, MDL No. 1899.

/s/ Robert G. Abrams
Robert G. Abrams